# THE PEOPLE OF THE STATE OF CALIFORNIA v. SANTIAGO ROBLES.

INDICTMENT—VALUE OF STOLEN PROPERTY.—An indictment charged defendant with the larceny of two hundred and fifty sheep, of the value of one thousand dollars: *held*, that a demurrer to the indictment for insufficiency, on the ground that the value of each sheep should be separately stated, was properly overruled.

EVIDENCE OF MORE THAN ONE OFFENSE—RELEVANCY.—On the trial W. testified, under the objections of the defendant, on the grounds of irrelevancy, and as tending to prove offenses other than that charged, to the larceny of a band of his own sheep, which before had been and at the time were herded together with the sheep alleged to have been stolen from R., the prosecutor, and after the larceny were found by W. still together, in the possession of the same parties: *held*, that the testimony was properly admitted, as tending to establish the larceny of the sheep of R.

ADMISSIONS OF THE DISTRICT ATTORNEY AS EVIDENCE.—Where, during the progress of the trial, the District Attorney admitted before the Court and jury, that R., a material witness for the people, was then under indictment for receiving stolen property, knowing it to be such, which was the same property, in part, for the larceny of which defendant was on trial: *held*, first, that the admission was binding on the people; second, that it was material, as affecting the credibility of R.; and third, that the Court erred in excluding it, by instruction, from the consideration of the jury.

APPEAL from the County Court of Calaveras County.

On the trial Thomas Wheeler, a witness for the People, testified to the larceny of a large number of his own sheep, which before had been herded together with the sheep alleged to have been stolen from Reynolds, the prosecutor, and all were found by him, Wheeler, after the larceny of his own, and after the alleged larceny of the prosecutor's sheep, still together in the possession of the same parties. To this

evidence the defendant objected, on the ground of irrelevancy and as tending to prove an offense other than that charged in the indictment, and excepted to its admission. In respect to evidence, the Court gave to the jury the following instructions: "The proof that Wheeler's sheep were stolen, and that his sheep and Reynolds' were herded together, and that the missing sheep of both were found in possession of the same parties, is not conclusive of the larceny of Reynolds' sheep, but is a circumstance which may be taken in connection with other evidence to establish the larceny of Reynolds' sheep."

The other facts are stated in the opinion of the Court.

*E. A. Rogers,* for Appellant.

The demurrer to the indictment should have been sustained. The value of each sheep should have been stated. (Whart. Am. Cr. Law, Sec. 354.)

The evidence of Wheeler was improperly admitted. The appellant's objections to it should have been sustained. (1 Russ. on Cr. Law, 792; Whart. Am. Cr. Law, Sec. 647.)

The Court erred in excluding, by instruction, from the consideration of the jury the admission of the District Attorney as to the pending indictment against witness Ramon. It was material as affecting his credibility, and the People were bound by the admission as made.

*Jo Hamilton, Attorney General,* for the People.

The demurrer was properly overruled. (*People* v. *Green,* 15 Cal. 512; *People* v. *Smith,* 15 Cal. 408.)

The instruction of the Court as to the admission of the District Attorney, was correct; the proof was matter of record.

By the Court, SAWYER, C. J. :

The defendant was indicted for the larceny of two hundred and fifty sheep, alleged to be of the total value of one thousand dollars. Defendant demurred; and the ground of demurrer relied on in this Court, is, that the indictment is insufficient, because the value of each sheep is not alleged. Some embarrassment might arise, perhaps, under an indictment in this form, if the proof should only show some particular article, and not the whole of the property described, to have been stolen. But the indictment is sufficient. (2 Bish. Crim. Pr., Sec. 677.)

We think the evidence of Wheeler with reference to his own sheep admissible under the circumstances. This was not evidence of a distinct felony, committed by the same parties at a different time. Wheeler's and Reynolds' sheep were herded together, were driven off together by the same parties, and sold together by the parties driving them off. There was but one act. If Wheeler's sheep were stolen, this fact afforded some ground for an inference, nothing to the contrary appearing, that all, taken at the same time, and under the same conditions and circumstances, were stolen. The evidence being admissible, there was no error in the instruction based upon it.

One Ramon was examined as a witness for the prosecution, and testified that defendant, and another, drove the sheep to the rancho, where they were found, and sold them to the party in possession at said rancho. On cross examination defendant was endeavoring to show, that Ramon, himself, had been indicted for the same larceny, whereupon the District Attorney admitted that Ramon was indicted for receiving the stolen property, knowing it to be stolen, and the matter was not pursued farther.

In submitting the case to the jury, the Court, at the request of the People, gave the following instruction: "That there is no proof in this case, that the witness, Ramon, has been

75

indicted, or now is indicted for any crime, and you will not consider the statement of counsel, that indictments are now pending against him in this Court, as there is no such evidence."

We think this was error. The party himself, on cross examination, without objection by the People, had testified, that he had been in jail, and supposed he was indicted for the same offense, and the District Attorney cut the matter short by making the admission before referred to. The indictment of the witness was an admitted fact on the part of the prosecution. The District Attorney was competent to make this admission, and there was no occasion to introduce further proof. It was important, as tending to show the position of the witness in relation to the matter, and as affecting his credibility. Yet its consideration was withdrawn from the jury by the instruction given. For this error the judgment must be reversed and a new trial had, and it is so ordered.