[No. 10,633.—Department One.]

## THE PEOPLE v. FRANCISCO LOPEZ.

LARCENY—JURY—CHALLENGE TO PANEL—SPECIAL VENIRE.—Upon an information for larceny, a special jury was summoned by order of the Court from the body of the county, and a challenge to the panel was interposed by the defendant. It appeared that the number of grand and special jurors for the year 1881 had been designated by an order of the Court, but that at the date of the trial (January 27, 1881), there had been no meeting of the Board of Supervisors, and consequently no list selected. *Held*: The challenge was properly disallowed.

ID.—INSTRUCTIONS.—A defendant can not object to instructions given at his own request.

ID.—EVIDENCE—POSSESSION OF STOLEN PROPERTY.—Evidence was given, tending to prove that other horses disappeared from the same neighborhood at the same time as the mare and colt, with the larceny of which defendant was charged, and were found, with the mare and colt, in his possession. *Held*: The objection to the evidence was properly overruled.

APPEAL from a judgment of conviction and from an order denying a new trial in the Superior Court of Monterey County. ALEXANDER, J.

The order for a special *venire* was made January 5, 1881. At the time of making this order, there were in the jury box about two hundred names of persons duly selected by the

Board of Supervisors for the year 1880. January 24, 1881, an order was made by the Court, designating the number of grand and trial jurors, and the Board of Supervisors had not met after the making of said order, and no jurors had been selected by the Board to serve for the year 1881. The first regular meeting of the Board of Supervisors for the year 1881, was fixed by law to take place on the first Monday of February, 1881.

*R. M. F. Soto*, for Appellant.

The challenge to the panel should have been allowed. (C. C. P., §§ 214, 226; *People* v. *Devine*, 46 Cal. 47.) The evidence in reference to other horses than those charged in the information to have been stolen was inadmissible. (*Cole* v. *Commonwealth*, 5 Gratt. 696; *Mailler* v. *Propeller Co.*, 61 N. Y. 312.)

*A. L. Hart*, Attorney General, for Respondent.

The evidence as to the other horses was admissible. (*People* v. *Rodundo*, 44 Cal. 538; *People* v. *Kelly*, 28 id. 423.) The order for a special *venire* was strictly in accordance with the statute. (C. C. P., § 226, Amendments 1880; *People* v. *Ah Chung*.)

McKinstry, J.:

The challenge to the panel was properly disallowed. (C. C. P., §§ 226, 227.)

All the instructions given were given in the exact language requested by the defendant, who can not now object to any of them.

There was evidence tending to prove that other horses disappeared from the same neighborhood at the same time as the mare and colt, with the larceny of which defendant was charged, and tending to show that the others were found, with the mare and colt, in the possession of defendant. Defendant's objection to such evidence was properly overruled. (*People* v. *Robles*, 34 Cal. 591.)

Judgment and order affirmed.

Ross and McKee, JJ., concurred.