[No. 20,002. In Bank.—April 29, 1885.]

THE PEOPLE, RESPONDENT, v. W. M. CUNNINGHAM, APPELLANT.

CRIMINAL LAW—LARCENY—EVIDENCE OF OTHER OFFENSES—REBUTTAL.—After the defendant, in a prosecution for the larceny of a band of cattle, has given evidence tending to show that he innocently came into their possession by purchase from another, evidence is admissible in rebuttal to show that a steer belonging to a third person, which was found in the defendant's possession with the cattle of the complaining witness, was stolen.

ID.—TEST OF ADMISSIBILITY OF EVIDENCE.—The test of the admissibility of evidence of other offenses than the one charged, is the connection between the offenses in the mind of the criminal. When such a connection is shown, evidence of the others is admissible, for the purpose of establishing identity in developing the res gestæ, or in making out the guilt of the defendant by a chain of circumstances connected with the crime for which he is on trial. If, however, the evidence of another offense serves in no way to identify the thing stolen, or connect the defendant with the offense for which he is on trial, it forms no part of the res gestæ, and as evidence of a distinct offense, unconnected in character and purpose with the offense charged, is inadmissible.

APPEAL from a judgment of the Superior Court of the county of Santa Clara, and from an order refusing a new trial.

The facts are stated in the opinion of Mr. Justice McKee, and in the opinion, in Department Two, of Mr. Justice Thornton.

T. H. Laine, for Appellant.

Attorney General Marshall, for Respondent.

McKEE, J.—The defendant was charged with the larceny of five head of cattle, the property of John Trimble.  At the trial, the prosecution gave evidence tending to prove that the defendant was captured in the night-time, driving away Trimble's cattle, and also a steer belonging to one Charles Wade.  On his defense, the defendant gave evidence tending to show that he innocently came to the possession of Trimble's cattle, by purchase from one Carmel, who had them on pasture for the owner.  In rebuttal, the court, against the objections of the defendant, admitted in evidence the testimony of Wade, to show that the steer which belonged to him, and was found in the defendant's possession with Trimble's cattle, was stolen.  It was objected that this testimony was not admissible, because it was not rebuttal, and because it tended to prove a distinct offense from that for which the defendant was on trial ; and these constitute the objections which have been argued on appeal.  We think the evidence was admissible.  This was settled in *People Robles*, 34 Cal. 591, and in *People* v. *Lopez*, 59 Cal. 362.

The first of these cases was a criminal action for the larceny of two hundred and fifty sheep, the property of one Reynolds ; and among them, when taken, were a number of other sheep belonging to one Wheeler, which were driven off and sold with Reynolds' sheep by the same parties.  Over the objections of the defendant, the testimony of Wheeler was admitted, to show that his sheep had also been stolen ; and the Supreme Court held that, under the circumstances, the testimony was admissible.  " It was," said the court, " not evidence of a distinct felony committed by the parties at the same time. * * * The sheep were herded together, were driven off together by the same parties, and sold together by the parties driving them off.  There was but one act.  If Wheeler's sheep were stolen, this fact afforded some ground for an inference, nothing to the contrary appearing, that all taken at the same time, and under the same conditions and circumstances, were stolen."  So in the *Lopez Case*, it was held by this court that testimony which tended to prove the disappearance of other horses from the same neighborhood at the same time as the mare and colt, with the larceny of which the defendant was charged, and were all found in the defendant's possession, was admissible to show a guilty purpose in the taking of the mare and colt.

Upon the authority of those cases, the ruling of the lower court was undoubtedly correct, and we think it was based upon principle. When the defendant rested upon the evidence given in his defense, the fact whether he took and drove away Trimble's cattle with a guilty purpose was before the jury upon conflicting evidence, and, as the fact was directly in issue, and one of the material facts in the case which the state was bound to prove, the state had the right to rebut the defendant's evidence as to that fact by any relevant testimony; that is, by any testimony which had a legal tendency to prove the fact. If the evidence offered tended to prove the fact, or, in other words, to overcome the defendant's evidence as to it, it was admissible for that purpose, although it may also have tended to prove the commission of another distinct and separate offense. The principle is, that all the evidence admitted must be pertinent to the point in issue; but if it be pertinent to this point, and tends to prove the crime alleged, it is not to be rejected, though it also tends to prove the commission of other crimes.

"It frequently happens," says Brockenborough, J., in *Walker* v. *Com.*, 1 Leigh, 574, "that, as the evidence of circumstances must be resorted to for the purpose of proving the commission of the particular offense charged, the proof of those circumstances involves the proof of other acts, either criminal or apparently innocent. In such cases, it is proper that the chain of evidence should be unbroken. If one or more links of that chain consist of circumstances which tend to prove the prisoner has been guilty of other crimes than that charged, this is no reason why the court should exclude those circumstances. They are so intimately connected and blended with the main facts adduced in evidence that they cannot be departed from with propriety; and there is no reason why the *criminality* of such intimate and connected circumstances should exclude them, more than other facts apparently innocent." So said Lord Ellenborough, in delivering the opinion of the court, in *The King* v. *Whiley*, 1 Lead. Crim. Cas. 185: "If several and distinct offenses do intermix and blend themselves with each other, the detail of the party's whole conduct must be pursued. There is a case where a man committed three burglaries in one night, and stole a shirt at one place and left it at another; and they were

all so connected that the court heard the history of the three different burglaries."

The test of the admissibility of evidence of other offenses than the one charged, is the connection between the offenses in the mind of the criminal. When such a connection is shown, evidence of the others is admissible for the purpose of establishing identity in developing the *res gestœ*, or in making out the guilt of the defendant by a chain of circumstances connected with the crime for which he is on trial. If, however, the evidence of another offense serves in no way to identify the thing stolen, or connect the defendant with the offense for which he is on trial, it forms no part of the *res gestœ;* and all evidence of a distinct offense, unconnected in character and purpose with the offense charged, is inadmissible. (*Galbraith* v. *State*, 41 Tex. 569. See 2 Russ. Cr. 744; Whart. Crim. Law, 649.)

But, in the case under consideration, the offense with which the defendant was charged, and that which the offered evidence tended to prove, constituted, as the court said in *Robles'* *Case*, " one act "; that is, the taking and driving away of cattle belonging to two separate and distinct owners, at one and the same time, from the same place, under the same circumstances, and with the same intent; and although it may have tended to prove two offenses, yet, as they were part of one entire transaction, evidence of the one was admissible to show the character of the other. This principle, although an exception to the general rule as to the admissibiltiy of proof of the commission of distinct offenses, is applicable alike in the trials of all criminal actions. Numerous cases to that effect were referred to and commented on in the recent case of *People* v. *Gray, ante,* 271. And the principle was held applicable by the Supreme Court of Pennsylvania to a trial for murder. Said the court:

" That the commission of a distinct offense, even similar in character, cannot be given in evidence against the prisoner, was held in *Shaffner* v. *Commonwealth,* 72 Pa. St. 60. But when two persons are murdered at the same time and place, and under circumstances evidencing that both acts were committed by the same person or persons, and were part of one and the same transaction or *res gestœ,* the death of the one, and surrounding crcumstances, may be given in evidence upon the trial

of the prisoner for the murder of the other, not as an independent crime, but as tending to show that the motive was one and the same which led to the murder of both at the same time. Being part of the same *res gestæ*, they, together, tend to throw light on each other, and there is no reason that the truth should be thrown out by excluding the evidence objected to." (*Brown* v. *Commonwealth*, 76 Pa. St. 337.)

The cases of *People* v. *Hartman*, 62 Cal. 562, and *People* v. *Wood*, 12 Pac. C. L. J. 147, are not in any respect opposed to the principle upon which such evidence is admissible. The first of these cases was decided upon the fact that the evidence introduced at the trial tended to show that ".the defendant had *at another time* stolen other property than that described in the indictment"; and the second, upon the fact that the evidence tended to show " other independent transactions * * * similar in character to the one which constitutes the basis of the charge on which the defendant was tried and convicted." So that in neither of those cases was there any connection in time, or place, or circumstances, or intent, between the offense charged and the offense which the evidence tended to prove; therefore, the evidence in each was properly held inadmissible.

Upon the admissions of the defendant's counsel, there was no error in overruling the objections made to the admission of the testimony of Fisher, a witness who had testified on the preliminary examination of the defendant by the committing magistrate. (Sub. 8, § 1870, Code Civil Proc.)

There is no prejudicial error in the record. Judgment and order affirmed.

MORRISON, C. J., concurred in the judgment.

MYRICK, J., concurred in all, except so far as the case of *People* v. *Wood* is approved.

McKINSTRY, J., concurring.—On the authority of *People* v. *Robles*, 34 Cal. 591, I concur in the judgment.

THORNTON, J., dissenting.—In this case I dissent, and adhere to the opinion filed in department two. I have examined the cases cited in the opinion drawn up by McKee, J., and find but

one which has any application to the case in hand, (*People* v. *Robles*, 34 Cal. 591). I cannot think that this case was properly decided. It is not in line with other decided cases, and is sustained by no authority that I have been able to find. None is cited in the opinion. It is opposed to the statute (Penal Code, § 950), and should not be regarded as authority. The fact that other property found in the possession of the defendant when he was arrested, of the larceny of which he was not accused by indictment or by information, cannot be proved to be stolen, in order to show to a jury that he is guilty of the larceny of the property found in his possession at the time of his arrest, of which he was accused regularly, and for which he was on trial. The mere incident of time affords no evidence of intent. If it does, why does not the fact that the defendant had in his possession stolen property twenty-four hours before his arrest afford evidence of intent, and therefore admissible on such issue ? Yet the latter fact would be excluded from the consideration of the jury. But whether such evidence in either case would show intent is not the question. By virtue of the statute (§ 950, Penal Code), the evidence is not admissible, for the reason that a person cannot be tried for an offense of which he is not informed by the information or indictment that he is accused. (See *Walker* v. *Com.*, 1 Leigh, 574.) He would, in such case, be taken by surprise. He would not have been informed of the offense of which he was accused, and would have taken no steps to prepare to defend himself as to such offense. *People* v. *Lopez*, 59 Cal. 362, does not present the point involved herein. The evidence held to be admissible in that case was received in this without objection.

The foregoing observations, with the opinion rendered in department two, will constitute my dissenting opinion.

The opinion in department two, filed November 25, 1884, is as follows:

THORNTON, J.—The defendant was accused, tried, and convicted of the crime of grand larceny, in stealing, on the 18th of May, 1883, five head of cattle, the property of one John Trimble.

It is urged that several errors were committed on the trial, on account of which the conviction ought not to be permitted to stand.

1.   When the defendant was arrested, there was found in his possession a steer belonging to Charles Wade, which was not referred to in the information.

In relation to this steer, the following occurred on the trial: Charles Wade was called as a witness in rebuttal for the people, and testified that on the 20th or 21st of May, 1883, he got from Trimble's pasture a red and white steer.

The district attorney, at the instance of the court, stated his reasons for offering the testimony which he was about to introduce, as follows: " The defense in this case is, that the defendant purchased the cattle which have Mr. Trimble's brand from the man who had charge of them, Carmel.  This testimony is offered as tending to show that the story is improbable, because he took not only the cattle which had Mr. Trimble's brand, but another animal which did not belong to Mr. Trimble, whose brand the defendant, from his own testimony, is well acquainted with, and that of another owner at the same time.   I understand that the taking of different articles at the same time is always admissible, as tending to show the intent with which the animals were taken."

The defendant objected:

"First.—If this testimony is offered for the purpose indicated, it was a part of the state's original case, and should have been then offered, and not in rebuttal.   It rebuts nothing offered by us.

" Second.—It is not within the charge.  The defendant is not charged with taking any but the Trimble cattle.  It is, therefore, incompetent and inadmissible."

These objections were overruled by the court, and an exception was reserved.

The witness, Wade, then proceeded to testify as follows:

" This red steer was mine, branded with my brand, and had my ear marks.  I never sold that steer, nor authorized any one else to sell him.  He was sent out there in that range the 1st of March, 1883, and I saw him between Dougherty's and Carmel's about the first of May ; was between the 15th of April and the 1st of May."

The court, in its direction to the jury, stated the reasons which induced it to admit the testimony, as follows:

" This evidence is not admitted as tending to prove that he" (referring to defendant) " had stolen Wade's steer, as charging him with the guilt of that offense, or as seeking any conviction of him here on that ground; but simply as making it more or less probable or improbable that his explanation that he acquired honestly the other animals was founded in truth, by showing that at the same time he had in his possession property taken by other thefts at the same time." Then, after giving an illustration as tending to show the relevancy and bearing of the evidence, this further was said as the reason why the testimony was let in; that, " stated plainly and simply, that if he took the Wade steer and drove it off, it was more probable that he was stealing the Trimble cattle and taking them off; and that the explanation that he bought them from Carmel, supposing that he had a right to sell them, was not a truthful explanation." By the foregoing, in our judgment, the jury were informed that the evidence as to the Wade steer was let in for their consideration, that they might find whether defendant stole this steer or not; and if they did so find, such conclusion would render it more likely to be true that he had stolen the Trimble cattle; in other words, that if they found that he had stolen the Wade steer, of which he was not accused in the information, it was a circumstance from which they might infer a larceny of the Trimble cattle, with which he was charged in the information.

In admitting the evidence objected to, we are of opinion that the court below fell into an error. A person cannot be accused of one offense and tried for another. The indictment or information must charge but one offense (Penal Code, § 954), and it must contain a statement of the acts constituting the offense in ordinary and concise language, in such manner as to enable a person of common understanding to know what is intended. (Penal Code, § 950.)

The object of these provisions is to present a distinct issue for trial, and clearly inform a defendant of that with which he is charged, that he may prepare to meet it. The evidence should therefore be confined to the offense charged, otherwise the party on trial might be taken by surprise.

It was well said by the general court of Virginia, speaking

by Brockenburgh, J., on this point: " As he " (the defendant) " is charged with a particular offense, he has notice to be prepared to defend himself against that charge, and that alone ; he cannot be prepared to defend himself against other charges not exhibited against him, or to maintain the integrity of his whole life, when that is not put in issue." ( *Walker's Case*, 1 Leigh, 594.) The principles just above referred to were violated in the ruling in this case. The evidence as to the Wade steer should have been excluded from the jury. The conclusion here reached is supported by the decisions of this court, in *People* v. *Hartman*, 62 Cal. 562, and *People* v. *Wood*, 12 Pac. C. L. J. 146.

2. The prosecution offered in evidence the reporter's notes in short-hand of the testimony of Ernest L. Fischer, taken on the preliminary examination of the defendant; offering, at the same time, to prove the correctness of the notes by the reporter, who was present. Fischer had died intermediate the preliminary examination and the trial, which was admitted by defendant's counsel ; and it was further admitted that defendant was present with his counsel at such examination, and that his counsel then and there cross-examined Fischer in defendant's presence, and that the reporter would testify that his notes correctly represented Fischer's testimony on that occasion.

To the introduction of this testimony the defendant objected, on the ground that it was incompetent and inadmissible ; that in a criminal prosecution, the defendant must be confronted with the witness ; and depositions cannot be read except in certain specified cases, of which this is not one ; that the testimony of a deceased witness, taken or given on a preliminary examination, cannot be used in a criminal case ; that such examination is not a former action, within the meaning of the statute. The court ruled against these objections and admitted the evidence, to which an exception was reserved by defendant.

If the testimony of Fischer, given on the preliminary examination, had been taken, written out, certified, and filed by the reporter, as provided by section 869 of the Penal Code, it would have been admissible as a deposition, in the case of the death of the witness before the trial, as provided in section 686 of the same code. We recently held such a deposition admissible in

the *People* v. *Oiler*, 66 Cal. 101, where the witness had left the state after his testimony was taken, and prior to the trial. But we are of opinion that the written deposition is alone admissible, unless in case of its loss or destruction, when secondary evidence of its contents may be given. The object of the provisions of the sections of the Penal Code above cited (686 and 689) was to have the testimony on preliminary examinations so taken that it might be preserved as given, for use or reference at a time subsequent to that at which it was taken; and that if it became necessary to use such testimony on a trial, the written deposition, taken and certified as required by law, should alone be used for such purpose, and that resort should not be had to the memory of those who heard it. We are, therefore, of opinion that the court fell into an error, in allowing the above-mentioned evidence of Fischer's testimony to go to the jury.

We find no other error in the record; but for those above mentioned the judgment and order denying defendant's motion for a new trial are reversed, and the cause remanded for a new trial.