United States v. Griego.

Mills, C. J., Parker and McFie, JJ., concur.

Pope, A. J., not having heard argument, took no part in this decision.

[No. 936.    January 6, 1904.]

## UNITED STATES OF AMERICA, Appellee, v. BE-NITO GRIEGO, Appellant.

:    SYLLABUS.

The words, "that circumstance alone raises a presumption of guilt" in an instruction in a criminal case which reads, "If on the other hand, you find from the evidence beyond a reasonable doubt that the defendants within three years previous to . . . . occupied the sleeping apartment alone, as a sleeping room, that circumstance alone raises a presumption of guilt," is error as tending to strip from the defendant the presumption of innocence with which he is clothed until found guilty by a jury.

Appeal from the district court of the Second judicial district, before DANIEL H. McMILLEN, Associate Justice.    Reversed and remanded.

ON REHEARING.

WILLIAM B. CHILDERS, U. S. Attorney, for appellee.

A. B. RENEHAN for appellant.

The charge of the court was an erroneous statement of the effect of the evidence, and an invasion of the province of the jury as to the construction which they might give to the facts mentioned.

Hickory v. United States, 160 U. S. (L. Ed.), 475; Alberty v. United States, 162 U. S. (L. Ed.), 1051; Allen v. United States, 164 U. S. (L. Ed.), 528; Starr v. U. S., 164 U. S. (L. Ed.), 577; Dunbar v. United States, 156 U. S. (L. Ed.), 395; Doly v. The State, 7 Blackford 427; The State v. Arthur, 23 Iowa 430; Sheffield v. The State, 43 Texas 378.

The prisoner had the right to the judgment of the jury upon the facts, uninfluenced by any direction from the court as to the weight of the evidence.

Hopt v. Utah, 110 U. S. 583.

An instruction that the jury "ought to presume" is held objectionable as "removing the whole matter of fact from the jury and compelling them to decide the point as a conclusive presumption of law."

Columbia Insurance Company v. Lawrence, 10 Peters 519; Peterson's Ex. v. Elliott, 9 Maryland 64; Newman v. McComas, 43 Maryland 81.

An instruction which seeks to withdraw from the jury the right to determine a matter of fact is properly refused.

The City v. Babcock, 3 Wallace 244; Wood v. Cochran, 150 U. S. (L. Ed.), 1199; Territory v. Lucero, 8 N. M. 549.

The law will not countenance any presumption of law, which by overcoming the presumption of innocence, will cast the burden of proving his innocence upon the defendant.

Underhill Cr. Ev., sec. 19, p. 27; Coffin v. United States, 156 U. S. 447.

The presumption of innocence accompanies the accused until the verdict is rendered.

Underhill Cr. Ev., sec. 19, p. 27; People v. O'Brien, 106 Cal. 104.

The last two axioms are nullified by the instruction in controversy in this case.

Hickory v. U. S., 160 U. S. (L. Ed.), p. 479; Territory v. Lucerro, 8 N. M. 550; Bird v. United States, U. S. Supreme Ct. Rep. Co-op. Adv. Sheets, Dec. 15, 1902, p. 42; Wharton's Cr. Ev., sec. 707.

In civil cases, such as those for divorce see

Ency. L. (2 Ed.), p. 757, 758, and cases cited.

The proof of the offense may be as of any day, before

of after the day alleged, but it must be within the Statute of Limitations.

1 Bish. Crim. Prac., sec. 400.

MILLS, C. J.—This case is before us for rehearing, the judgment and sentence of the court below having been sustained by a divided court, as will appear from an inspection of the case which is reported in 72 Pac. 20.

It is but proper to say that the learned judge who presides regularly over the district court for the First judicial district, did not try this case.

The opinion heretofore handed down by us in this case is reaffirmed, except that part of it which relates to the assignment of error which calls in question one of the instructions given by the trial court, which instruction reads as follows:

"If on the other hand, you find from the evidence beyond a reasonble doubt that the defendants within three years previous to March 1, 1901, occupied the sleeping apartment alone, as a sleeping room, that circumstance alone raises a presumption of guilt."

It is an elementary principle of criminal law that an accused is presumed to be innocent until his guilt has been proven beyond a reasonable doubt. It needs no citation of authority to sustain this proposition. Such has been the uniform holding of the courts of this country, both Federal and State. "The principle that there is a presumption of innocence in favor of the accused is the undoubted law, axiomatic and elementary, and its enforcement lies at the foundation of the administration of our criminal law." Coffin v. United States, 156 U. S. 453.

If the court charged the jury that if they believed from the evidence beyond a reasonable doubt that the defendants within three years next previous to the date of the returning of the indictment into court (giving the proper date of such return), occupied the sleeping apartment alone as a sleeping room, that circumstance

United States v. Griego.

may be considered by you, in arriving at your verdict, such instruction would have been proper, but charging in a separate and special instruction, "that circumstance alone raises a presumption of guilt," is we believe improper, as it tends to take away the presumption of innocence with which the defendant in a criminal case is clothed, until a jury finds him guilty.

We will not seek to try to explain how the majority of us came to sign the opinion in Griego v. United States, 72 Pac. 20, but as it is manifest to us that in so doing we committed error, we will content ourselves with reversing the case, and will remand it to the United States district court, for the First judicial district, territory of New Mexico, for furher proceeding; and it is so ordered.

Baker, and Parker, JJ., concur. McFie, A. J., dissents, adhering to the former opinion in this case. Pope, A. J., not having heard the argument, took no part in this decision.