Territory v. Livingston.

[No. 1032, January 22, 1906.]

## TERRITORY OF NEW MEXICO, Appellee, v. GARLAND LIVINGSTON, Appellant.

### SYLLABUS.

1.  It is not error to admit evidence of the possession of recently stolen property other than that described in the indictment, but taken at the same time and under the same circumstances when there is evidence tending to show that the accused was also in possession of the property described in the indictment, recently after the theft.

2.  A witness may be asked on direct examination if he did not make statements inconsistent with those testified to, when the party is taken by surprise, and the question is asked for the purpose of refreshing the witness' recollection and inducing him to correct his testimony.

3.  It is not error to instruct the jury that although the law makes the defendant a competent witness in his own behalf the jury are the judges of the weight to be given his testimony, where the rule is laid down as to the interest in the suit, and made applicable to all the witnesses alike.

4.  An instruction which charges the jury that if all the material facts are not proven to the satisfaction of the jury beyond a reasonable doubt or if for any other reason they believe the defendant not guilty they may acquit him, is not erroneous when given in connection with other instructions which correctly state the law as to reasonable doubt and the presumption of innocence.

5.  The possession of recently stolen property, though unexplained, does not raise a presumption as to the guilt of the accused, but is merely a circumstance to be considered by the jury and given by them such weight as they deem it entitled to. Held, that the instruction given was not erroneous when taken as a whole and in connection with all the instructions given by the court.

Appeal from the district court of Eddy county before WILLIAM J. MILLS, Chief Justice. Affirmed.

FREEMAN & CAMERON and FULLEN, for appellant.

Territory v. Livingston.

It was error to allow evidence to go to the jury which, without casting any light on the offense charged in the indictment, tended strongly to convict the defendant of another charge, thus prejudicing him before the jury.

> People v. Carpenter, (Col.) 68 Pac. 1028;. People v. Perazzo, 74 Cal. 116, 28 Pac. 64; People v. Barnes, 48 Cal. 551; People v. Hartman, 62 Cal. 562; State v. Gottfreedson, 64 Pac. 523.

Testimony which tends merely to show that the prisoner is capable of committing a crime for which he is indicted, or that his guilt is probable from the fact that he has committed similar offenses, cannot be received.

> People v. Corbeau, 56 N. Y. 364; Coleman v. People, 55 N. Y. 81; State v. Lapage, 57 N. H. 291; People v. Sharpe, 107 N. Y. 427; 3 Rice on Evidence, Sec. 153; Com. v. Stone, 4 Met. 47; Strong v. State, 44 Am. Rep. 299; Jordan v. Osgood, 109 Mass. 457; Gilbraith v. State, 41 Tex. 567; Rice on Evidence, Vol. 3 p. 461; People v. Wood, 3 Park Crim. Rep. 681, 713 and 743; Com. v. Tuckerman, 10 Gray 173.

A party who introduces a witness vouches for his credibility, and cannot attack that credibility.

> Helms v. Green, 115 N. C. 251, 18 Am. St. Rep. 893; Draro v. Favor, 10 Sup. Ct. Rep. 170; Champ v. Com. 74 Am. Dec. 393; Blue v. Kirby, 15 Am. Dec. 96; People v. Jacobs, 49 Cal. 384; Smith v. Price, 8 Watts. 447; Note to 21 L. R. A. 491; Com. v. Hudson, 11 Gray. 67; Selover v. Bryant, 21 L. R. A. 418, and note; Coulter v. American Merchants Company, 56 N. Y. 588; Tamsey v. Turner, 2 Flipp. 737; Phillips on Evidence, Vol. 2 (4th Am. Ed.) pp. 982-983; Jones on Evidence, Sec. 858; Cox v. Eayres (Vt.) 45 Am. Rep. 583; Pollock v. Pollock, 71 N. Y. 152; Adams v. Wheeler, 97 Mass. 67; Com. v. Starkweather, 10 Cush. 59; Hickory v. U. S. 14 Sup. Ct. Rep. 336.

Territory v. Livingston. ·

When a party is taken by surprise by the evidence of his witness, the latter may be interrogated as to inconsistent statements previously made by him, for the purpose of refreshing his recollection and inducing him to correct his testimony, and the party so surprised may also show the facts to be otherwise. As to witnesses of the other party, inconsistent statements after proper foundation laid by cross examination may be shown.

> Railway Company v. Artery, 137 U. S. 507; 11 Sup. Ct. Rep. 129; Best on Evidence, 645; Whartons Ev. 549;; Methuish v. Collier, 15, Q. B. 878; Rice v. Howard, 16 Q. B. Div. 681; Rhodes v. State, 25 Am. St. Rep. p. 431; Brooks v. Weeks, 121 Mass. 435; Ryerson v. Abington, 102 Mass. 526; State v. Callahan, 99 N. W. 1099; Putnam v. U. S. 62 U. S. 687.

It is error for the court to instruct the jury that in considering the testimony of the defendant they are at liberty to take into consideration the fact that he is the defendant.

> The Territory v. Romine 2 N. M. 130; Wilson v. United States 149 U. S. 66; State v. Webb. 55 Pac. 893; Chambers v. People, 105 Ill. 412-416; Territory v. Leyba, 47 Pac. 718; Sullivan v. People, 28 N. M. 381.

Possession of stolen property is not alone sufficient to convict of larceny, though such possession is a circumstance to be considered in determining the guilt of its possessor.

> People v. Swinford, 57 Cal. 87; People v. Noregia, 48 Cal. 123; People v. Ah. Ki. 29 Cal. 178; People v. Valarde, 59 Cal. 463; People v. Gassaway, 23 Cal. 51.

The possession of stolen goods recently after the larceny by the accused does not raise any legal presumption of the guilt of the party.

> Grentzinger v. State, 48 N. Y. 148; Ryan v. The State, 53 N. W. 838; Stewart v. People 42 Mich. 255; 3 Rice Evidence, Sec. 139, p. 194; Ibid. Sec. 452, p. 738; Blankinship v. State, 55 Ark. 244; State v. Hodge, 50 N. H.

510; Cortez v. State, 74 S. W. 908; Reese v. State, 68 S. W. 284; Nelson v. State, 67 S. W. 320.

It is error to charge the jury that "a reasonable doubt is a doubt for which the members of the jury can give some reason." It is not necessary that a juror should be able to give a reason for his doubt "even to his own satisfaction."

3rd Rice on Evidence, Sec. 270, p. 437.

It is error for the court to single out the defendant and charge the jury that because of his great interest in the result of the trial they must consider his testimony as likely to be affected thereby.

Territory v. Garcia (N. M.) 75 Pacific; Hicks v. United States, 150 U. S. 452.

It is error to charge the jury in a prosecution for larceny that "the unexplained possession of property recently stolen, will authorize the jury to find the defendant guilty."

Bishop's New Crim. Pro. Sec. 741, 743.

It is not for the judge to say what amount or degree of evidence is sufficient to warrant the jury in convicting. To do so is to charge on the weight of evidence and is reversible error.

Rice v. State, 3 Tex. Court of App. 451;
Lunsford v. State, 9 Tex. Court of App. 217;
Stevens v. State, 10 Tex. Court of App. 120;
Stone v. State, 22 Tex. Court of App. 486;
Boyd v. State, 24 Tex. Court of App. 581;
Garcia v. State, 26 Tex. 209.

GEORGE W. PRICHARD, for appellee.

When, criminal intent or guilty knowledge in respect to the act is an element in the offense charged, evidence of other acts of the accused, manifesting that intent or knowledge, is competent, notwithstanding it may establish the commission of another offense not charged.

Abbott's Trial Brief Criminal Cases, p 514; Mason v. State, 31 Tex; McCall v. State, 41 Tex.

*As to a party cross examining his own witness.*

It is a rule where a witness shows antagonism, is reluctant, stubborn or hostile, he may in the discretion of the court be asked leading questions.

> St. Clair v. U. S. 154 U. S. 38; Babcock v. People, 22 Pac. 817; Compiled Laws, 97, Sec. 3026.

The possession of property recently stolen makes out a prima facie case of guilt, and throws upon the defendant the burden of explaining the possession, without which explanation the jury may convict.

> State v. Cassady, 12 Kan. 550; U. S. v. Jones, 31 Fed.; Johnson v. Miller, 69 Iowa, 562; State v. Richart, 57 Iowa, 245; State v. Pennyman, 68 Iowa, 216; Huggins v. People, 135 Ill. 243; Stockman v. State, 24 Tex. App. 570; Garcia v. State, 26 Tex. 209; State v. Weston, 9 Conn. 527; State v. Moon, 101 Mo., 316; State v. Miller, 45 Minn. 321; Wright v. Commonwealth, 82 Va. 183; People v. Hurley, 60 Cal. 74; Jackson v. State, 28 Tex. App. 370; Lundy v. State, 71 Ga. 360; United States v. Jones, 31 Fed. Rep. 718; Morton v. State, 104 Ala., 71; Sohlinger v. People, 102 Ill. 241; Madden v. State, 148, Ind. 183; Bronson v. Com. 92 Ky. 330; Com. v. Dugan, 138 Mass. 182; People v. Neid, 99 Mich. 620; Mathews v. State, 61 Miss. 155; State v. Jennings, 81 Mo. 185; Thompson v. State, 6 Neb. 102; Knickerbocker v. People, 43 N. Y. 177; State v. Turner, 65 N. C. 592; Hughes v. State, 8 Humph. (Tenn.) 78; Williams v. State, 4 Tex. App. 178; State v. Jenkins, 2 Tyler (Vt.) 377; Price v. Com. 21 Gratt, (Va.) 846.

And to the same effect are the following authorities:

> Bryant v. State, 116 Ala. 445; Territory v. Casio, 1 Arizona, 485; People v. Kelley, 28 Calif. 423; Van Shalen v. People, 26 Cal. 184; Nate v. Raymond, 46 Conn. 345; Young v. State, 24 Fla. 147; Moneyham v. State, 87 Ga. 549; Moyer v. People, 139 Ill. 138; John-

son v. State, 148 Ind. 522; State v. Conway, 56 Kan. 682; State v. Merrick, 19 Me. 398; State v. Johnson, 33 Minn. 34; Snowden v. State, 39 Miss. 705.

## OPINION OF THE COURT.

MANN, J.—At the October, 1903, term of the district court of the Fifth Judicial District, sitting in and for Eddy county, Garland Livingston was tried and convicted of a charge of larceny of a horse and sentenced to a term in the penitentiary, from which judgment he appeals to this court. Five assignments of error are made and insisted upon in brief of appellant's counsel which we will take up in their order.

The first ruling of which appellant complains is that of the trial court in "permitting evidence to go to the jury, which, without casting any light on the offense charged, in the indictment, tended strongly to convict the defendant of another charge, thus prejudicing him before the jury," using the words of appellants' counsel in his assignment of errors.

The indictment charged appellant with the theft of a horse. The evidence tended to show that the horse charged in the indictment, together with a mule belonging to one Dunaway, was in a pasture on the owner's premises, that appellant was seen in the vicinity of this pasture on the evening of the alleged theft, that the horse and mule disappeared at the same time and were tracked in the direction of the place where defendant was seen shortly afterwards, riding a horse similar to the one alleged to have been stolen. The trial court permitted the prosecution to introduce evidence tending to establish the theft of the mule by appellant and it is of this testimony which appellant complains.

While it is an elementary principle of law that proof of other and distinct crimes are inadmissible to aid in proving the crime charged yet where two or more crimes are committed and the transaction is one and the same, the whole transaction may be proven, even though the tendency is to prove a crime other than the one charged. Bishop Crim. Proc. Sec. 1121, and cases cited.

And especially in larceny cases where other goods stolen at the same time as those described in the indictment are found in the possession of the accused, such fact is admissible in evidence, because it very clearly tends to connect the accused with the offense. 18 Am. & Eng. Ency. of Law, 2nd. Ed. 493-4; Grant v. State, 55 Ala., 201; People v. Robles, 34 Cal. 591; People v. Lopez, 59 Cal. 362; Wormley v. State, 70 Ga. 721; State v. Weaver, 104, N. Car. 758.

The evidence complained of in the first assignment of error was exactly of this nature, tending to show possession of the mule, taken at the same time as the alleged stolen horse, evidence of the larceny of one was evidence of the larceny of the other and proof of the possession of one recently after the larceny was competent to show the larceny of the other and we think that the learned trial judge was right in permitting the testimony complained of to go to the jury.

The second error insisted upon by appellant is "The court erred in permitting the territory to cross examine and contradict its own witness Camp."

The record shows that Camp was called as a witness by the prosecution and was asked certain questions on direct examination with reference to his having seen the defendant with the horse alleged to have been stolen in his possession. Camp refused to identify the horse as the one described in the indictment, whereupon the prosecuting attorney asked him if he, witness, had not made a sworn statement or affidavit in which he had stated that he had seen the defendant in possession of the stolen horse, reading the statement from the alleged affidavit of the witness. The witness then answered that he had made such a sworn statement, and that the statement was true. We think it was within the discretion of the court to permit counsel to ask these questions for the purpose of refreshing the witness' recollection and allowing him to correct his testimony.

In Hickory v. U. S. 151 U. S. 303, the rule is thus laid down: "When a party is taken by surprise by the evidence of his witness, the latter may be interrogated as to inconsistent statement previously made by him for the

purpose of refreshing his memory and inducing him to correct his testimony; and the party so surprised may also show the facts to be otherwise than as stated, although this incidentally tends to discredit the witness."

We think this comes within the rule so stated and was therefore not error.

The third error complained of and insisted upon is the instruction of the trial court given upon his own motion and numbered 6, this instruction is as follows:

"VI. The court instructs the jury that although the law makes the defendant in this case a competent witness, still the jury are to be the judges of the weight which ought to be given to his testimony, and in considering what weight ought to be given to it, the jury should take into consideration all the facts and circumstances surrounding the case, as disclosed by the evidence, and give the defendant's testimony only such weight as they believe it to be entitled to, in view of all the facts and circumstances proven on the trial.

"You are instructed that in determining the weight to be given to the testimony of the different witnesses in this case, you are authorized to consider the interest of any of the witnesses in the result of the suit, their temper, feeling or bias, if any has been shown; their apparent intelligence, and their means of information, and to give such credit to the testimony of each witness as under all the circumstances the witnesses may seem to be entitled to."

Counsel contended that these instructions violate the provisions of Sec. 2994 of the Compiled Laws, which forbids the court to comment upon the weight of the evidence; but we think the instructions as a whole are not subject to such objection. The court merely told the jury that the defendant was a competent witness in his own behalf and then laid down the rule by which evidence is to be weighed, subjecting the evidence of the defendant to the same test as that of other witnesses. We quite agree with counsel that it would be highly improper and perhaps reversible error to single out the defendant and call special attention to his interest in the case, but a fair construction of the above instruction does not subject it

to that criticism, but fairly brings it within the rule laid down and approved by the court in Territory v. Leyba, 47 Pac. 718 (N. M.) See also Faulkner v. Territory, 6 N. M., 464; Territory v. Taylor, 11 N. M. 588.

The fourth assignment of error goes to the language of the court in instruction No. 3, which after instructing the jury as to the facts necessary to be proven beyond a reasonable doubt, concludes with the following words: "But if all the above facts are not proved to your satisfaction beyond a reasonable doubt, or if for any other reason you believe the defendant not guilty, then you should find the defendant not guilty." These words are criticised by appellant's counsel as placing the burden of proving his innocence upon the accused. But a careful examination of the instructions disclosed that the court had fully instructed the jury upon the subject of the presumption of innocence and of reasonable doubt and it is a well settled principle that where the court's instructions as a whole fairly state the law, exceptions to remote sentences or parts of the instructions will not be maintained. Counsel cite no authorities upon this assignment and we have been unable to discover any that would justify a reversal upon that ground.

The last and by far the most serious question arises under the fifth assignment of error insisted upon in the appellant's brief.

The court instructed the jury in instructions No. 4, as follows:

"IV. The court instructs the jury that the possession of recently stolen property is usually regarded in law as a criminating circumstance, tending to show that the possessor stole the property, unless the facts and circumstances surrounding or connected with such possession, or other evidence, explains or shows such possession may have been acquired honestly. Possession of stolen property, immediately after the theft, is sufficient to warrant a conviction, unless attending circumstances, or other evidence so far overcome the presumption thus raised as to create a reasonable doubt of the prisoner's guilt when an acquittal should follow."

That any presumption of law, as to the guilt of the

accused, arises from the possession of recently stolen property seems to be greatly modified by the later authorities. The establishment of any one circumstance by the evidence beyond a reasonable doubt, where the whole question of defendant's guilt is sought to be proven by circumstantial evidence, does not and cannot overcome the presumption of innocence, in his favor. The burden of proving his innocence can never be shifted to the defendant by establishing any one circumstance in the case, but all the facts and circumstances in a case like the one at bar, must be such as to preclude any reasonable hypothesis, other than the defendant's guilt. These principles are elementary and require no citations. Bearing in mind these primary principles of law, let us examine closely the instruction of the learned trial judge in this case and see if they have been violated. As has already been stated, the court had instructed the jury upon the doctrine of the presumption of innocence and of reasonable doubt and the instruction above quoted must be read in connection with all the other instructions given by the court and no doubt was so read and understood by the jury. The court had fairly stated the issues of the case and carefully pointed out the matters which the jury must find to be true beyond a reasonable doubt in order to convict, in terms so plain and unequivocal that the jury could not have been misled by the fourth instruction. We do not think the instruction complained of, when read in connection with the charge as a whole, is susceptible to the construction placed upon it by counsel. The court told the jury in effect that the possession of recently stolen property was usually regarded as a criminating circumstance tending to establish guilt, and this is the true doctrine as laid down by the weight of authority. 18 Am. & Eng. Ency. of Law, 486; Harris v. State, 61 Miss. 304; People v. Ah. Ki. 20 Cal. 180; Robb v. State, 35 Neb. 285.

Having laid down the rule that the possession of the recently stolen property was a circumstance tending to establish guilt, the court proceeds by saying that such possession if unexplained by the facts and circumstances of the case, or other evidence is sufficient to warrant a conviction. This phrase, if taken separately, and apart from

the charge as a whole, would be error, because it is the correct rule that the jury is the sole judge as to the weight to be given to any part of the evidence, and while such possession in the light of all the facts and circumstances of the case might be sufficient to warrant a conviction, it is a question for the jury to determine and not the court. But the court had already told the jury that they were the sole judges of the weight to be given to the evidence and it is inconceivable that they could have understood this phrase in that light. We think this case comes directly in line with State v. Robbins, 65 Mo. 443, the Syllabus of which reads as follows:

"An instruction to the jury to the effect that the possession of property proven to have been recently stolen is presumptive evidence of the guilt of the party in possession unless such possession is satisfactorily explained or accounted for, is not objectionable as a commentary on the evidence or an invasion of the province of the jury, when it is accompanied by other instructions to the effect that the jury should take. into consideration all the facts shown in evidence giving to each such weight as they should consider it entitled to." See also Stover v. People, 56 N. Y., 315; Grilley v. State, 20 Wis., 244.

We do not wish to be understood as holding that any presumption of law, as to defendant's guilt, arises from the unexplained possession of recently stolen property, on the contrary, we believe the true rule to be that such fact when established is a circumstance to be considered by the jury the same as any other fact or circumstance and by them given such weight as they may deem it entitled to.

The judgment of the lower court is affirmed.

John R. McFie, A. J., Ira A. Abbott, A. J., concur.

Parker and Pope, A. J., dissent.

Mills, C. J., having tried the case below, did not sit in this case.

POPE, J.—(Dissenting)—I desire to dissent from the conclusion reached in this case for the reason that in my opinion the fifth assignment of error, based on the instruction of the court as to the effect of the possession of

recently stolen property, is well founded. That instruction, in effect, informs the jury that the possession of recently stolen property is "usually regarded in law as a criminating circumstance," that it is "sufficient to warrant a conviction," except under certain circumstances, and that "the presumption thus raised" must be met by evidence raising a reasonable doubt to justify aquittal. I am of opinion that these instructions are violative of the prohibition imposed by C. L. Sec. 2994, to the effect that the court "shall not comment upon the weight of the evidence." I am further of opinion that the assumption of the existence of "the presumption thus raised" in effect shifted the burden of proof to the defendant and that this latter is forbidden by the supreme court of the United States, in Coffin v. U. S. 156, U. S. 453, and is distinctly held to be erroneous by this court in the recent case of United States v. Griego, 75 Pac. 30. I am not unaware that the charge as given by the learned trial judge is supported word for word by Mr. Sackett in his Instructions to Juries (2nd Edition) p. 746. An examination of the authorities which Mr. Sackett cites in his foot note to this instruction, however, reveals the fact that none of the cases, with the exception of those from Illinois, sustains the doctrine asserted; and even in that jurisdiction the judges have not been unanimous. Thus in Smith v. People, 103, Ill., 86, where a similar instruction was sustained it was said by Mr. Justice Dickey, dissenting, that it is error to charge a jury that any given circumstance is sufficient to warrant a conviction; that is always a question of fact, not of law." I am of opinion that the proper form of instruction upon this point is that set forth in Watkins v. State, 2 Tex. App. 73, and since uniformly followed by the court of criminal appeals of Texas, that "the possession of property recently stolen is merely a fact or circumstance to be considered by the jury in connection with all the other evidence submitted to them in determining the guilt or innocence of the possessor." In the well-considered case of State v. Humason, 5 Wash. 507, followed in State v. Walters, 7 Wash. 246, it was said by the court, in holding erroneous an instruction similar to that now in question: "The jury should simply have been told

Territory v. Livingston.

that they were the sole judges of the facts and of the weight to be given to each particular fact; that the possession of this property by the defendant (if it was necessary to refer to it at all), if it had been proven to them beyond a reasonable doubt that it was stolen property, was one of the facts which they were authorized to consider, with all the other facts and circumstances in the case in determining the guilt or innocence of the defendant." It follows from these authorities that while the circumstances of the possession of the stolen property may be mentioned to the jury for its consideration and to be given proper weight by the jury, the reference to the matter should not be accompanied by intimations from the court upon the weight of the circumstance. And this is precisely what was held by this court in United States v. Griego, supra, where it was said: "If the court charged the jury that if they believed from the evidence, beyond a reasonable doubt, that the defendants, within three years previous to the date of the returning of the indictment into the court occupied the sleeping apartment alone as a sleeping room that circumstance may be considered by you in arriving at your verdict, *such instruction would have been proper;* but charging in a separate and special instruction, that that circumstance alone raises a presumption of guilt is, we believe, improper as it tends to take away the presumption of innocence with which the defendant in a criminal case is clothed until a jury finds him guilty."

If it be improper to instruct the jury that occupying the same room raises a presumption of guilt in an adultery case, it is equally improper to instruct them that possession of stolen property raises a presumption of guilt in a larceny case.

The judgment should be reversed and a new trial awarded.