[No. 10,087.]

## THE PEOPLE *v.* PATRICK COLLINS.

EVIDENCE OF FLIGHT OF CRIMINAL.—If four men jointly commit a robbery by taking money from the person of another, and are immediately arrested, and one of them breaks away from the officers and runs some distance before he is retaken, on the separate trial of one of the four who did not flee, evidence of the flight of the other may be received for the purpose of showing that, after his arrest, he had the opportunity to throw away the money, if, after being taken to the prison, no money is found on the persons of the robbers.

EVIDENCE ADMISSIBLE FOR A PARTICULAR PURPOSE.—If, on the trial of one charged with a crime, evidence which is competent only for a particular purpose is admitted generally, and the counsel for the defendant fails to ask the Court to limit the evidence to the purpose for which it was competent, or to ask a charge to the jury to that effect, the defendant cannot afterwards complain that the testimony was inadmissible for some other purpose.

APPEAL from the Municipal Criminal Court of the City and County of San Francisco.

The case was thus: Patrick Collins, the defendant here, Peter Stanley, Robert Smith and James McGovern were charged in the indictment with having, on the 16th day of April, 1873, committed the crime of robbery, by taking legal tender notes from the person of Charles Simonson, at the city and county of San Francisco. On the trial, the testimony for the prosecution showed, that on the 17th of April, just before daybreak, Simonson was walking down

Pacific street, when the four men who were indicted came behind him, and while two of them held him, the other two took the money from his pocket. Simonson saw the four men but did not know them. A police officer saw the men holding Simonson, and when they let him go, asked him what they had done, and was informed that they had robbed him of fifteen dollars in legal tender notes. The officer saw the men go into a saloon, and procured the assistance of two other policemen, and in three or four minutes arrested the accused in the saloon. When they were taken into the street, McGovern broke away from the officers, and ran several blocks before he was re-arrested. Upon being taken to the station-house, the accused were searched and no greenbacks were found on their persons. Stanley had a separate trial, and the case is reported in the 47 Cal. 114. Collins was also tried separately and convicted, and this is his appeal.

On his trial, when the prosecution proposed to prove the flight of McGovern, his attorney objected to the testimony, on the ground that it was irrelevant and immaterial. The attorney for the defendant did not request the Court, in its instructions to the jury, to tell them that the testimony was received for the limited purpose mentioned in the opinion.

*G. W. Tyler*, for the Appellant.

*Attorney-General Love*, for the People.

By the Court, CROCKETT, J.:

It is assumed by counsel that this case is precisely similar to the case of *People* v. *Stanly*, 47 Cal. 114, and it is claimed that the judgment should be reversed on the authority of that case. But on looking into the record we find them to be materially different. In that case all the evidence was not before us; and it did not appear that when the four persons accused of the robbery were arrested, no greenbacks were found in their possession. The point which was pressed on the argument of that appeal was, that

the evidence of the flight of McGovern was not admissible as a badge of the guilt of the defendant on trial. Considering it solely in that light, we held the evidence to be inadmissible on the facts as then presented. But in the present case it appears that, on the arrest of the four suspected persons, no portion of the greenbacks of which Simmons was robbed was found in their possession when searched at the station-house. But it was proved that in attempting to escape, McGovern was pursued by the officer for several blocks, and, during his flight, may have thrown away the greenbacks. The evidence was competent as tending to show that he thus had the opportunity after his arrest to dispose of the fruits of the robbery without detection. If the Court, in admitting the evidence, omitted to limit it to this purpose, it was the duty of the counsel to call attention to the fact, and to request a proper charge from the Court on the point. Not having done so, and the evidence being competent for the purpose above indicated, he cannot complain that it was inadmissible for some other purpose.

Judgment affirmed. Remittitur forthwith.

Mr. Justice McKinstry concurred specially in the judgment.

Mr. Chief Justice Wallace did not express an opinion.