[Crim. No. 514.   Department One.—October 21, 1899.]

THE PEOPLE, Respondent, v. J. P. HOFFMAN, Appellant.

CRIMINAL LAW—EXTORTION—THREAT TO ACCUSE OF SELLING DISEASED
    MEAT—INSUFFICIENT INFORMATION.—An information for the extor-
    tion of money under a threat to accuse a person named of the
    crime of selling diseased and unwholesome meat, which does
    not aver that the money was obtained with his consent, or that
    such consent was induced by the wrongful use of force or fear,
    nor state facts constituting the crime of knowingly selling dis-
    eased or unwholesome meat, knowing it to be so diseased or
    unwholesome, with intent to permit it to be eaten, does not state
    facts sufficient to constitute the offense of extortion, and a
    demurrer thereto should be sustained.

APPEAL from a judgment of the Superior Court of Los
Angeles County and from orders denying a motion in arrest of
judgment and denying a new trial.   B. N. Smith, Judge.

The facts are stated in the opinion.

W. H. Shinn, and Hester & Ladd, for Appellant.

Tirey L. Ford, Attorney General, and Charles P. Gale, for
Respondent.

COOPER, C.—This is an appeal by defendant from a judg-
ment, order denying his motion in arrest of judgment, and order
denying his motion for a new trial.   The information stated:
"That the said J. P. Hoffman, on the fifth day of March, 1898,
at the county and state aforesaid, did willfully, unlawfully, and
feloniously (extort and obtain from another, to wit, Simon
Maier), certain bank notes and treasury notes—a more partic-
ular description of which is to the district attorney unknown—
which said notes were then and there of the value of five hun-
dred dollars, lawful money of the United States, and the per-
sonal property of the said Simon Maier (under the circum-
stances not amounting to robbery, and by reason of a threat
then and there made by the said J. P. Hoffman to accuse the
said Simon Maier of a crime), to wit, of selling diseased and un-
wholesome meat, contrary to the form, force, and effect of the
statute in such cases made and provided, and against the peace
and dignity of the people of the state of California."

The defendant demurred to the information upon the ground that it did not state facts sufficient to constitute a public offense; that it did not allege whether the money was obtained from said Maier with his consent, and did not state the character of the crime of which the defendant threatened to accuse Maier. The court overruled the demurrer and defendant was convicted "of an attempt to commit the crime of extortion."

Extortion is defined by the Penal Code, section 518, as follows: "Extortion is the obtaining of property from another, with his consent, induced by a wrongful use of force or fear, or under color of official right." Section 519 is as follows: "Fear, such as will constitute extortion, may be induced by a threat, either: . . . . 2. To accuse him, or any relative of his or member of his family, of any crime."

The information (Pen. Code, sec. 952) "must be direct and certain, as it regards: 1. The party charged; 2. The offense charged; 3. The particular circumstances of the offense charged, when they are necessary to constitute a complete offense."

When measured by the above provision of our Penal Code, we think the information did not state facts sufficient to constitute a public offense, and that the court erred in overruling the demurrer. The information does not show that the property therein described was obtained from Maier with his consent. It does not show that it was obtained by the wrongful use of force or fear. It simply states that the property was obtained from Maier by reason of a threat made by the said defendant to accuse the said Maier of the crime of selling diseased and unwholesome meat. The act of selling diseased and unwholesome meat is not of itself a crime. To knowingly sell diseased or unwholesome meat, knowing it to be so diseased or unwholesome, with intent to permit it to be eaten, is a crime (Pen. Code, sec. 383), but it might be sold under many circumstances, and such selling would not be a crime. It might be sold with no knowledge on the part of the seller that it was diseased or unwholesome. It might be sold with no intention on the part of the seller to permit it to be eaten. It might be sold as a fertilizer or for many other purposes besides that of being eaten. We have the right to presume that defendant threatened to accuse Maier of selling diseased and unwhole-

some meat for any of these purposes, and we know of no law that would authorize us in a criminal case to presume that defendant threatened to accuse Maier of knowingly selling it with intent to permit it to be eaten. Unless the act of selling diseased and unwholesome meat under all circumstances and for any purpose, and even without knowledge on the part of the seller that it is unwholesome or diseased, is a crime, this information does not charge any public offense. The court in its charge to the jury said: "And a threat by the defendant to accuse the said Maier of selling diseased and unwholesome meat is not accusing him of a crime within the meaning of the law. And, before the defendant can be convicted on the information in this case, it is not only necessary for the people to prove beyond a reasonable doubt that the defendant accused said Maier of selling diseased and unwholesome meat, but they must also prove, beyond a reasonable doubt, that defendant accused said Maier of selling diseased and unwholesome meat with intent to permit the same to be eaten, drank, or otherwise consumed by some person or persons."

If the court had measured the information in this case by the law as given to the jury, it would have been found short of the statutory requirements. It becomes unnecessary to notice the other points argued.

We advise that the judgment and orders be reversed.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and orders are reversed.

Garoutte, J., Harrison, J., Van Dyke, J.