[Crim. No. 448.   First Appellate District.—November 17, 1913.]

THE PEOPLE, Respondent, v. J. E. KING, Appellant.

CRIMINAL LAW—PROSECUTION FOR EMBEZZLEMENT—EVIDENCE OF PRIOR OFFENSES.—Where the defendant in a prosecution for embezzlement admits having received the money, but contends that he has returned it to the complaining witness, it is prejudicial error to admit evidence of previous offenses committed by the defendant, similar to the one charged, to show his guilty intent in dealings with the complaining witness.

ID.—EVIDENCE OF OTHER OFFENSES—WHETHER ADMISSIBLE IN CRIMINAL PROSECUTION.—Proof of an offense distinct from and wholly disconnected with the particular crime charged against a defendant is not admissible in evidence. But this general rule is subject to certain well-defined exceptions, one of which is that evidence of the commission of similar offenses, although separate and isolated from the crime charged, is admissible for the purpose of showing a guilty intent whenever in any given case the existence of such intent is material and either disputed or doubtful.

APPEAL from a judgment of the Superior Court of Alameda County and from an order refusing a new trial. Wm. S. Wells, Judge.

The facts are stated in the opinion of the court.

Snook & Church, and J. J. Rose, for Appellant.

U. S. Webb, Attorney-General, for Respondent.

LENNON, P. J.—The defendant in this case, having been convicted in the court below of the crime of felony embezzlement, prosecutes this appeal from the judgment and from an order denying his motion for a new trial.

Minus minor matters, the facts of the case upon which the prosecution relied for a conviction are substantially these:

The defendant at the time of the commisssion of the crime charged in the information was engaged in the real estate business in the city of Oakland, and had been employed by the complaining witness, Antonio Marciel, to negotiate the purchase of a piece of real property situate in the county of Sonoma. During the pendency of such negotiations and as an incident thereof, Marciel was desirous of applying the sum of seven hundred dolllars which he had in his possession to the satisfaction of a mortgage existing upon certain real property owned by him and situate in the county of Alameda. The defendant advised against this and persuaded Marciel to deposit said sum of seven hundred dolllars in a safe deposit box rented and controlled by the defendant. When negotiations for the sale of the property were abandoned, demand was made upon the defendant, so the complaining witness said, for the return of the seven hundred dollars so deposited. It was developed as a part of the people's case, that when demand was made upon the defendant, he not only claimed that he had returned the money in question, but produced a receipt therefor purporting to have been signed by Marciel. Marciel admitted that the signature to the receipt was in his handwriting, but insisted, nevertheless, that he had not received from the defendant, or any one else, the money mentioned therein.

The defense of the defendant as against the specific crime charged in the information rested entirely upon the recitals of the receipt referrred to, and his testimony that he had returned the money in question upon the demand of Marciel.

But one point is presented for a reversal, and that involves the rulings of the trial court permitting the prosecution, over

the objection of the defendant, to introduce evidence of other wholly independent and disconnected criminal offenses alleged to have been committed by the defendant. In this behalf the record shows that Antonio King Davila, a witness for the people, was permitted to testify that, as his agent, the defendant, in the latter part of the year 1911, had misappropriated and embezzled a certain sum of money.

Again, the prosecution was permitted, over the objection of the defendant, to show that in 1908, some several years prior to the time of the commission of the offense charged in the present case, the defendant had rented a horse and wagon which he failed to return to the owner, and that as a consequence the defendant was arrested and subsequently pleaded guilty to a charge of misdemeanor embezzlement.

Finally, Joe Faria, a witness for the people, was permitted, in the face of objection, to testify in effect that about a year previous to the trial of the case at bar, the defendant had embezzled the sum of three dollars which had been intrusted to him by the witness for the purpose of making the first payment on the purchase price of a horse.

All of the testimony just referred to was admitted by the trial court upon the theory that it tended to prove prior offenses similar in character to the crime charged in the information and for which the defendant was being tried, and was therefore admissible for the purpose of showing the guilty intent of the defendant in his dealings with the complaining witness in the present case. We are satisfied that the trial court erred to the prejudice of the defendant in admitting the testimony complained of. It is a well-settled rule of evidence that proof of an offense distinct from and wholly disconnected with the particular crime charged against a defendant is not admissible in evidence. Unquestionably this general rule is subject to certain well-defined exceptions, one of which is that evidence of the commission of similar offenses, although separate and isolated from the crime charged, is admissible for the purpose of showing a guilty intent whenever in any given case the existence of such intent is material and either disputed or doubtful. For instance, in a case where a defendant admits the doing of the act charged in the information but defends upon the

ground that such act was free from felonious intent, proof of the commission of precisely similar acts, even though they be independent and disconnected, and were committed either before or after the commission of the crime charged, is relevant and competent for the purpose of showing a guilty intent. Such evidence is admissible as an exception to the general rule upon the theory that if it be shown that a defendant has been repeatedly guilty of similar offenses, it may be reasonably and logically inferred that the act charged against him in the information was accomplished with a felonious intent. (Underhill on Criminal Evidence, 2d ed., secs. 87, 89; *People* v. *Arnold,* 17 Cal. App. 68, [118 Pac. 729]; *State* v. *O'Donnell,* 36 Or. 223, [61 Pac. 892]; *People* v. *Molineux,* 168 N. Y. 264, [62 L. R. A. 193, 61 N. E. 286]; Jones on Evidence, secs. 142–145.)

Upon the oral argument in this court, the representative of the attorney-general contended that the evidence complained of was admissible under the exception to the general rule because, as he claimed, ''it was always a question in this case prior to the time that the prosecution rested whether the defendant inadvertently retained this money or appropriated it knowingly.'' The facts of the case as revealed by the record before us do not sustain this contention, but show conclusively, we think, that at no stage of the case and under no view of the evidence could the exception to the rule stated be rightfully invoked and applied.

The evidence presented upon the prosecution's case in chief shows most clearly and unequivocally not only that the defendant at no time denied receiving the money in question, but, to the contrary, such evidence establishes that at all times, both before and after his arrest, he freely admitted having received the money, and persistently and consistently maintained that he had returned it to the complaining witness. Moreover, the case was defended entirely upon the theory that the defendant had received and returned the funds intrusted to him. Neither the facts of the main case as presented by the prosecution nor the defense relied upon contain the slightest suggestion that the defendant at any time sought to evade criminal responsibility for the alleged commission of the act charged against him upon the ground that he had innocently, through inadvertence, mistake, or

otherwise, withheld the money of the complaining witness. This being so, it seems clear to us that the evidence complained of was erroneously admitted.

After carefully considering the evidence adduced upon the main case we are far from being satisfied that a verdict of guilty would have been had without the aid of the evidence erroneously admitted. We do not wish to be understood as intimating that the evidence upon the main case would not alone have supported a conviction. That evidence was in violent conflict as to whether or not the money in question had been returned and receipted for as claimed by the defendant. This was the only disputed fact in the case; and of course in the presence of a conflict of evidence a verdict of guilty, if it had been obtained without the influence of erroneous evidence relating to collateral and prejudicial matters, could not have been successfully assailed upon the ground of the insufficiency of the evidence. What we mean to say is that upon a consideration of the cold record of the conflicting evidence adduced upon the main case, and without the opportunity of seeing and hearing the witnesses who testified on the trial, we are not convinced that the defendant would have been convicted without the aid of the evidence complained of. We are satisfied that such evidence not only tended to divert the deliberations of the jury from the main issue of the defendant's guilt or innocence of the crime for which he was being tried, but must have operated to create in the minds of the jury a prejudice against the defendant so pronounced as to preclude an unbiased consideration of the question as to whether or not, in its entirety, the evidence upon the main case left a reasonable doubt of the defendant's guilt. In short, it affirmatively appears to us that the defendant was substantially injured by the error complained of, and, therefore, we are in duty bound to order a new trial. (*People* v. *Lawlor,* 21 Cal. App. 63, [131 Pac. 63].)

The judgment and order appealed from are reversed, and the cause remanded for a new trial.

Richards, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court after judgment in the district court of appeal, was denied by the supreme court on January 15, 1914.