[Crim. No. 1617. First Appellate District, Division One.—March 11, 1931.]

THE PEOPLE, Respondent, v. ALBERT FRANCISCO, Appellant.

J. M. Lopes for Appellant.

U. S. Webb, Attorney-General, and Lionel Browne, Deputy Attorney-General, for Respondent.

THE COURT.—The defendant was charged by an information filed in the Superior Court of Monterey County with the crime of extortion, to which he entered a plea of not guilty. A jury returned a verdict of conviction, and he has appealed from the judgment entered thereon.

As grounds for his appeal it is alleged that the information failed to state facts constituting a public offense; that the verdict is unsupported; that the court erred in overruling defendant's objection to the introduction of certain evidence and in instructing the jury.

 The information alleged in substance that defendant feloniously extorted and obtained from Josephine M. Marks a sum of money by falsely representing himself to be a public officer, and threatened to cause her arrest for illegally possessing intoxicating liquor in case the amount was not

paid, and that the payment was induced by defendant's threats and the unlawful use of fear.

Section 518 of the Penal Code defines extortion as follows: "Extortion is the obtaining of property from another with his consent induced by a wrongful use of force or fear or under color of official right." The information failed to allege that the money was obtained with the consent of Mrs. Marks, and it is urged that the pleading was consequently insufficient.

It was so held in *People* v. *Hoffman,* 126 Cal. 366 [58 Pac. 856]; but since the adoption of section 4½ of article VI of the Constitution no error in any matter of pleading is ground for reversal which does not result in a miscarriage of justice; and in the case at bar the evidence, direct and indirect, shows beyond reasonable doubt that the money in question was obtained with the consent of Mrs. Marks by the use of fear. In view of the facts there was no miscarriage of justice; nor was the defendant prejudiced within the meaning of sections 960, 1258 or 1404 of the Penal Code (*People* v. *Hinshaw,* 194 Cal. 1 [227 Pac. 156]; *People* v. *Kuder,* 93 Cal. App. 42 [269 Pac. 198, 630]).

■ Defendant further claims that there was no evidence that Mrs. Marks had committed a crime, and that consequently the verdict is unsupported. As to this contention it will be sufficient to cite section 519 of the Penal Code, which provides that fear such as will constitute extortion may be induced by a threat to accuse a person of a crime.

■ In order to show intent and that the alleged offense was a part of a common scheme or plan witnesses testified to similar threats made to them, and that defendant, claiming to be a public officer, took from their possession at the time certain articles of jewelry and other personal property, all of which was found in his possession at the time of his arrest. These articles were admitted as evidence tending to corroborate the testimony of the witnesses mentioned, and were competent for that purpose.

We find no merit in the further claim that the court's instructions were erroneous or misleading.

■ The evidence was amply sufficient to support the verdict, and the evidence discloses no error which can reasonably be said to have resulted in a miscarriage of justice.

The judgment is affirmed.