[Crim. No. 251. Fourth Appellate District.—August 21, 1933.]

THE PEOPLE, Respondent, v. RAY WAGNER, Appellant.

Joseph Rosenthal for Appellant.

U. S. Webb, Attorney-General, and William F. Cleary, Deputy Attorney-General, for Respondent.

JENNINGS, J.—The defendant and seven other persons, including James Doolen, were jointly accused by an indictment returned by the grand jury of Los Angeles County of the crime of kidnaping for the purposes of extortion and robbery. Upon arraignment the defendant entered a plea of not guilty and a plea of former jeopardy. The trial of the cause resulted in a verdict of conviction of the charge of kidnaping and a verdict in favor of the People upon defendant's plea of former jeopardy. The defendant then presented to the trial court a motion for a new trial, which was denied. The court thereupon pronounced judgment upon the defendant whereby it was ordered that he be imprisoned in the state prison at Folsom. From the judgment thus rendered and from the court's order denying his motion for a new trial the defendant has prosecuted this appeal.

Appellant specifies three alleged errors committed by the trial court which he contends entitle him to a reversal of the judgment. These are, first, that the court erred in denying his motion to dismiss the indictment on the ground that there was not sufficient evidence to corroborate the testimony of the alleged accomplice, James Doolen, regarding the participation of appellant in the commission of the offense; second, that the court improperly admitted evidence of other crimes and offenses over appellant's objection; third, that the court erroneously admitted evidence of acts and transactions which

occurred and declarations that were made subsequent to the consummation of the object of the conspiracy.

█ With reference to the first of the aforesaid errors allegedly committed by the trial court, it may be remarked that the record shows that the witness James Doolen was an accomplice of appellant in the commission of the offense of which appellant was convicted and that the testimony of this accomplice which detailed appellant's participation in the offense undoubtedly contributed largely to appellant's conviction.

No useful purpose can be subserved by indulging in an extended discussion of the legal principles involved in the subject of corroboration of accomplices. Section 1111 of the Penal Code of California provides that a conviction cannot be had upon the testimony of an accomplice unless it be corroborated by other evidence which tends to connect the defendant with the commission of the offense.

The defense of noncorroboration is a most common defense in cases of the character of that in which this appeal is presented, particularly when, as here appears, the prosecution relies most strongly upon the accomplice's testimony to establish a defendant's guilt. The following language from the decision in *People* v. *Yeager*, 194 Cal. 452, 473 [229 Pac. 40, 49], contains a correct statement of the rule applicable to the problem which is here presented:

"It has been held that to corroborate an accomplice the evidence need not establish the actual commission of the offense, nor extend to every fact and detail covered by the statements of the accomplice, or to all the elements of the offense, nor prove that the accomplice has told the truth. The corroborative evidence must tend in some slight degree, at least, to implicate the defendant. While it need not be strong, more is required by way of corroboration than mere suspicion. It is sufficient if the corroborating evidence tends to connect the defendant with the commission of the offense, though if it stood alone it would be entitled to little weight. It is not necessary to corroborate the accomplice by direct evidence. If the connection of the accused with the alleged crime may be inferred from the corroborating evidence in the case it is sufficient."

The record herein shows that the testimony of the accomplice was corroborated in many essential features by the

testimony of other witnesses who appeared during the trial of the action. In particular, it was corroborated by the testimony of the witness Thomas F. Donaldson. This witness, who was the sheriff of Dunclin County in the state of Missouri, arrested appellant near Malden, Missouri, on October 9, 1932. During the course of his testimony he related a conversation which he had with appellant subsequent to the latter's arrest. During this conversation appellant made certain statements relative to the commission of the offense and in particular made the following statement: "It is just a case of one racket playing on another; if we had kidnaped a legitimate business man we should have deserved punishment . . . The amount we demanded of him, he would make in a month." He also stated the name of the victim of the plot which was described in detail in the accomplice's testimony. The details of the kidnaping were related fully in the testimony of the witnesses E. L. Caress and Mrs. E. L. Caress and fully corroborated the testimony of the accomplice with regard to this feature of the case except that the last-named witnesses did not identify any of the persons who held them up and kept them prisoners for more than twenty-four hours. Another witness, C. A. Jenks, a police officer of the city of Long Beach, testified that he was present at a shooting affray which took place at Long Beach on the evening of December 21, 1930, between a number of men who were in a Dodge automobile and two police officers and that appellant was one of the men who were in the rear seat of the automobile at that time. This latter testimony is corroborative of the testimony of the accomplice regarding the affray and of appellant's presence at the time of its occurrence.

Reference might be made to the testimony of other witnesses produced by the prosecution which in certain particulars corroborated the accomplice's testimony. We think that no useful purpose would be served by thus amplifying the opinion herein. From that portion of the testimony which is specifically noted it is obvious that there was sufficient corroboration of the accomplice's testimony to meet the requirements of the statute and that the court's action in refusing to dismiss the accusation against appellant was amply justified. It follows likewise that the judgment may not be disturbed as being one based upon a verdict which lacks evidentiary support.

■ In support of his contention that the trial court committed reversible error in admitting evidence of other offenses, appellant cites certain evidence which was admitted over his objection which tended to show the commission of other crimes by individuals other than appellant who had been jointly indicted with appellant for the commission of the crime of kidnaping. To support his contention that the admission of such evidence constituted reversible error, appellant relies on the well-established rule that evidence of the commission of other independent offenses by a defendant in a criminal action is not admissible to prove the commission of the particular crime of which he is accused and for which he is being tried. Subject to certain exceptions which it is not here necessary to discuss, the existence of the rule is conceded. The reasons which support the rule are that the commission of offenses other than that charged does not constitute a necessary link in the evidentiary chain; that it tends to divert the attention of the fact triers from the main issue in the case which is the defendant's guilt or innocence of the particular crime charged; that the admission of such evidence is highly prejudicial to the defendant (*People* v. *Gibson,* 107 Cal. App. 76 [289 Pac. 937]; *People* v. *King,* 23 Cal. App. 259, 261 [137 Pac. 1076]).

It is apparent, however, that the rule is not here applicable. The evidence of which he complains was evidence which tended to prove that certain independent offenses were committed by certain of his co-defendants. Our attention has not been called to any evidence which tended in any way to connect appellant with the commission of these independent crimes. The record herein indicates that appellant was tried separately from his co-defendants. We are not therefore warranted in indulging in the violent assumption that appellant was in the least prejudiced by the admission of evidence tending to prove that certain individuals indicted jointly with him for the commission of a specified offense had committed other independent offenses.

■ Appellant's third specification of error is that the court improperly admitted evidence of other offenses which were committed and other transactions which occurred subsequent to the consummation of the object of the conspiracy. Reliance is placed upon the general rule that acts and declarations of a confederate which are admissible against a defendant in a criminal action may be only those which were

performed and made during the pendency of the criminal enterprise and in furtherance of its objects and that acts and declarations of a co-conspirator done and made subsequent to the accomplishment of the object of the conspiracy are not to be regarded as contributing to the execution of the original common design (*People* v. *Aleck*, 61 Cal. 138).

The evidence which was admitted of which appellant here complains consists of the testimony of the accomplice Doolen which related to the burning by Doolen and Frank of the house in which the victims of the kidnaping were confined after their seizure, the attempted destruction of appellant's clothing by Doolen and the repeated demands for money made by Doolen of Caress and the payment of certain sums of money by Caress to Doolen subsequent to the release of Caress and his wife by appellant and those who were jointly indicted with him. It is evidently appellant's view that after the release of the victims from their enforced confinement the object of the conspiracy was fully consummated and that although, as here appears, no money or property had then been secured no evidence relating to the performance of any act by any one of the conspirators which occurred subsequent to such release is admissible in evidence. This contention is carried to the point that it is urged that testimony relating to the collection by one of the conspirators of the identical sum of money which was originally offered by the victim as the price of the release of himself and his wife was inadmissible and that its reception constituted reversible error. The statement of this naive contention carries its own refutation. Appellant and his confederates were charged with the crime of kidnaping for the purposes of extortion and robbery, an offense denounced by section 209 of the Penal Code. We take it to be self-evident that kidnaping in the general acceptation of the term is no childish pastime indulged in merely for the sake of the sport. The very language of the statute denounces kidnaping as a crime when it is practiced "for purposes of extortion or robbery". It is therefore evident that the object of kidnaping which is made an offense by the statute is not primarily the seizure and restraint of the victim, but the mulcting him or his relatives or friends of money or other property through coercion. The record herein shows that the attempted destruction of appellant's clothing by the accomplice Doolen took place

prior to the payment to the accomplice of the final installment of money demanded of the victim Caress. The evidence relating to this fact was therefore, in our opinion, relevant and competent and the trial court properly admitted it.

It does appear from the record that the burning of the house occurred shortly after the payment of the final installment of money by Caress. The accomplice testified that he and a co-defendant set fire to the house where the victims of the kidnaping were confined because it was feared that fingerprints of some of the persons engaged in the plot might be discovered about the premises. It nowhere appears in the record that appellant participated in the firing of the house or that he knew of .it or was in any way connected with it. Frankness impels the declaration that if this evidence had been excluded the jury nevertheless could have entertained no reasonable doubt as to the commission of the offense charged or of appellant's active participation in its accomplishment. This being true, no substantial rights of appellant were affected by the admission of the evidence and, even if it be assumed that error was committed by its reception, the error was harmless and must be disregarded (Pen. Code, sec. 1258; *People* v. *Stokes,* 5 Cal. App. 205, 213 [89 Pac. 997]; *People* v. *Lorraine,* 90 Cal. App. 317, 334 [265 Pac. 893]).

The judgment and order from which this appeal has been taken are therefore affirmed.

Marks, Acting P. J., concurred.

Barnard, P. J., being absent, did not participate in this opinion.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 30, 1933, and an application by appellant to have the cause heard in the Supreme Court, ·after judgment in the District Court of Appeal, was denied by the Supreme Court on September 19, 1933.