[Crim. No. 3964. In Bank.—June 17, 1936.]

THE PEOPLE, Respondent, v. MRS. OLLIE WILLIAMS, Appellant.

Gladys Towles Root, for Appellant.

U. S. Webb, Attorney-General, and Warner I. Praul, Deputy Attorney-General, for Respondent.

SHENK, J.—The defendant was convicted on a charge of larceny from the person. She has appealed from the judgment entered upon a verdict.

There is no contention that the evidence is insufficient to support the verdict. The principal question presented is whether the court committed prejudicial error in permitting, over the objection of the defendant, evidence relating to prior attempts by the defendant to commit similar offenses. It is claimed that the evidence was inadmissible because it amounted to proof of offenses not charged in the information.

The prosecution sought to prove that a coin purse, containing money and found in the defendant's possession, was taken by her with the intent to steal it from the handbag carried by a Mrs. Henig while the latter was marketing in the Grand Central Market in Los Angeles. It was shown beyond contradiction that the coin purse belonged to Mrs. Henig and that it was in the defendant's possession when she was apprehended in the market by an officer from the police department. The defendant denied stealing the purse and testified that she stumbled over it and then picked it up from the floor of the market.

One witness testified that he and another officer assigned to work with him on pickpocket detail had been following the defendant; that he observed the defendant walk toward Mrs. Henig who was carrying some bundles and her handbag in front of her; that the defendant, as she came opposite Mrs. Henig, reached out with her left hand, opened the handbag and then passed her; that a few paces further she turned back and when she caught up with Mrs. Henig again she reached out with her left hand and took the coin purse out of Mrs. Henig's handbag. The witness testified that he then grasped the defendant's wrist and hand which held the coin purse, and that as he did so the defendant dropped the purse to the floor, saying at the same time, "I didn't take it, I found it on the floor."

■ The question is whether the trial court erred in admitting in evidence the further testimony of the officers that on the morning of the same day they had received from Kress' store a description of a woman who was suspected of pickpocket operations; that they followed the defendant, who answered the description, for about twenty minutes prior to the occurrence in the Grand Central Market, and

that during that period they saw her open in a similar manner another woman's purse in one of the five and ten cent stores in the same neighborhood, but that before the defendant had caught up again with the woman the latter had closed her handbag; that a second attempt of the same nature occurred in another of the stores before the defendant entered the Grand Central Market.

The defendant contends that the admission of such evidence is contrary to the rule that the defendant must be tried only on the offense charged; that the evidence was not relevant to prove intent, a common scheme or plan, or absence of mistake or accident, and that its admission was prejudicial to her rights. It may be assumed that the act of taking the coin purse from the handbag carried by Mrs. Henig as proved by the prosecution, was sufficient, without more, to provide evidence of an intent to steal it, which was a necessary element of the crime charged. The attitude of the defendant caused the prosecution to deem it necessary to rebut by additional evidence the claim of her innocent purpose. In the cases relied upon by the defendant, such as *People* v. *King,* 23 Cal. App. 259 [137 Pac. 1076], evidence relating to distinct offenses was held inadmissible, not necessarily because it was evidence of offenses other than that charged in the information, but because under the facts of the particular cases evidence tending to prove such other offenses had no relevancy to prove the charge for which the defendant was then on trial.

The test of admissibility in such cases is an affirmative answer to the inquiry: Is the evidence offered relevant to prove any material issue in the trial of the offense charged? And it is relevant if it logically tends to prove any fact necessary or pertinent to the proof of the crime charged although it also tends to prove the commission of other and distinct offenses and to prejudice the defendant in the minds of the jurors. (*People* v. *Walters,* 98 Cal. 138 [32 Pac. 864]; *People* v. *Lane,* 101 Cal. 513 [36 Pac. 16]; *People* v. *Sanders,* 114 Cal. 216, 230 [46 Pac. 153]; *People* v. *Cook,* 148 Cal. 334, 340 [83 Pac. 43]; *People* v. *Morani,* 196 Cal. 154 [236 Pac. 135]; Jones, Commentaries on Evidence, vol. 1, sec. 143, p. 725; Wigmore on Evidence, vol. 1, 2d ed., sec. 346, p. 654.) It must appear to be obvious that evidence of similar conduct of the defendant, at least immediately prior to the commission

of the offense charged, was relevant to rebut her testimony that she stumbled upon the purse by accident. There may be room for argument that in the present case such evidence was merely cumulative in view of the testimony of the officers that the defendant was actually observed in the act of opening Mrs. Henig's pocketbook and taking the coin purse therefrom. But without more the jury may have been put to it to determine whether to believe the testimony of the officers as to what their observations were with reference to the defendant's actions in taking the purse from Mrs. Henig's person, or to believe the defendant's testimony that she innocently stumbled over the purse and then picked it up from the floor. The evidence of her prior conduct was a distinct aid to the jury in the determination of the issue of intent.

The following cases, in addition to the authorities hereinbefore cited, tend to support our conclusion that the questioned evidence was relevant and admissible: *People* v. *Lopez*, 59 Cal. 362; *People* v. *Cunningham*, 66 Cal. 668 [4 Pac. 1144, 6 Pac. 700, 846]; *People* v. *Rogers*, 71 Cal. 565 [12 Pac. 679]; *People* v. *Fehrenbach*, 102 Cal. 394 [36 Pac. 678].

We have examined the other contentions made by the defendant and have concluded that no prejudicial error or misconduct is attributable either to the court or to the district attorney in the course of the trial.

The judgment is affirmed.

Waste, C. J., Seawell, J., Curtis, J., Langdon, J., and Thompson, J., concurred.