[Crim. No. 461. Fourth Appellate District.—September 25, 1940.]

THE PEOPLE, Respondent, v. GREY JAMES, Appellant.

Edgar G. Langford for Appellant.

Earl Warren, Attorney-General, and Lewis Drucker, Deputy Attorney-General, for Respondent.

GRIFFIN, J.—Appellant was charged with the crime of grand theft of $21, taken from the person of one Tosh Jackson. No prior conviction of a felony was charged. A verdict of guilty was found by the jury. A motion for new trial was argued and denied and judgment pronounced. This appeal is from the judgment and order denying the motion for new trial.

On February 22, 1940, in the forenoon, Tosh Jackson was walking on a street in the city of San Diego when the appellant, who was walking very fast in the same direction, passed him by for a distance of about 40 feet and suddenly turned around. As he was opposite Mr. Jackson the appellant spit on the person of Mr. Jackson and then with profuse apology brushed him off with a handkerchief, with which he also rubbed the outside of his trousers near the hip pocket. When Mr. Jackson arrived at his hotel he reached into his pocket for his key and discovered that his wallet containing his money was gone. During the episode hereinabove referred to Mr. Jackson claimed that he obtained a good look at the appellant. Several days later he selected the appellant out of a line-up of men and also identified him in the courtroom as the man who accosted him on the street.

The record discloses that the prosecution produced certain additional evidence in chief and the court allowed its reception over the strenuous objection of appellant, to the following effect: That on February 10, 1940, the appellant accosted one Rosendo G. Montijo on a street in the city of San Diego and adopted the same procedure of spitting on his victim and brushing him off, and with the same result experienced by Jackson. Montijo later pointed out the appellant from a line-up of prisoners and also identified the appellant in court as the man who spit on him and brushed him off. The trial court, over objection, also allowed certain testimony of a police officer to stand in evidence, bearing on an occasion when the victim Jackson, at the police station, identified and selected a certain photograph of appellant, who is colored, from several pictures of negroes. The testimony reads in part as follows: ''Q. By Mr. Curtis: Amongst those pictures was there a picture of this defendant? A. Yes, sir. . . . Q. And among those pictures of negroes how many pictures were shown Mr. Jackson, about? A. I showed him possibly a dozen pictures of negro pickpockets.''

A motion was made to strike the last answer. The trial court denied the motion. The photographs which the witness was examining in court were not the pictures previously shown the victim but were pictures taken of appellant at a later date. The record does not indicate that these particular photographs were received in evidence. The witness only referred to them while testifying.

After the people rested their case appellant endeavored to establish an alibi. Several witnesses corroborated his statement that he was in Los Angeles on both February 10th and February 22d, at the times of the claimed thefts. Appellant was asked on cross-examination by way of impeachment if he had been convicted of a felony. He denied such a conviction. The prosecution then offered in evidence, over objection, a certified copy of an information charging appellant with the offense of grand theft in Los Angeles County, the judgment of conviction, and an order terminating felony probation under section 1203.3 of the Penal Code.

Appellant now argues first that the trial court committed prejudicial error in permitting the introduction of the testimony of Rosendo G. Montijo tending to show that the defendant had committed an offense independent of and not

connected in its commission with the offense for which he was being tried, citing *People* v. *Molineux,* 168 N. Y. 264, 291 [61 N. E. 286, 62 L. R. A. 193] , *Miller* v. *State,* 130 Okl. Cr. 176 [163 Pac. 131, 132, L. R. A. 1917D, 383], *People* v. *Morales,* 45 Cal. App. 553, 555 [188 Pac. 58], *People* v. *Gibson,* 107 Cal. App. 76, 80 [289 Pac. 937], *People* v. *Wagner,* 133 Cal. App. 775, 779 [24 Pac. (2d) 927], and *People* v. *Ranney,* 213 Cal. 70, 75 [1 Pac. (2d) 423].

Second, it is contended that the trial court committed prejudicial error in admitting, over defendant's objection, testimony relating to the extrajudicial identification of a picture which was not presented in court or identified as being a photograph of the defendant, citing *People* v. *Goltra,* 115 Cal. App. 539, 551 [2 Pac. (2d) 35].

Third, appellant contends that the trial court committed prejudicial error in permitting the district attorney to impeach the testimony of the defendant by proof that he had previously been convicted of a felony, granted probation, served his term of probation, and received a discharge therefrom and dismissal of the case, citing *People* v. *Bannon,* 59 Cal. App. 50, 61 [209 Pac. 1029], *People* v. *Mackey,* 58 Cal. App. 123 [208 Pac. 135], Pen. Code, sec. 1203.4, and *People* v. *Hainline,* 219 Cal. 532, 534, 535 [28 Pac. (2d) 16].

 It is conceded that the general rule is that evidence of other crimes is not admissible to prove the charges for which the defendant stands charged, but there are limitations and exceptions to the rule allowing introduction of evidence of other offenses and it is the contention of respondent that the evidence pertaining to the commission of a similar offense by appellant as here described brings the instant case within the exception and limitation of the rule, citing *People* v. *Cosby,* 137 Cal. App. 332, 334 [31 Pac. (2d) 218], *People* v. *Northcott,* 209 Cal. 639 [289 Pac. 634, 70 A. L. R. 806], *People* v. *Knight,* 62 Cal. App. 143 [216 Pac. 96], *People* v. *King,* 4 Cal. App. (2d) 727 [41 Pac. (2d) 593], and *People* v. *Lisenba,* 14 Cal. (2d) 403 [94 Pac. (2d) 569]. The general rule and many of its exceptions are set forth in *People* v. *Lapierre,* 205 Cal. 462, 469, 470 [271 Pac. 497], to the effect that it is not competent for the prosecution to prove the commission of independent crimes by the defendant, the evidence of which has no tendency to prove some material fact in connection with the particular crime charged,

but it is held that this rule does not exclude such evidence when it logically tends to prove any fact necessary or pertinent to the proof of the crime for which the defendant is being tried. Generally speaking, such evidence is admissible when it tends to establish intent, guilty knowledge, motive, and common scheme, identity of plan, design, or system, or when it tends to connect the defendant with the crime charged, or when the other crimes are part of the *res gestae*. (*People* v. *Washburn*, 104 Cal. App. 662 [286 Pac. 711]; *People* v. *Glass*, 158 Cal. 650 [112 Pac. 281].) To the same effect is *People* v. *Cosby, supra,* where evidence was admitted for the limited purpose of tending to establish that the defendant had a common plan or scheme of luring women to his apartment for the purpose of ravishing them. The evidence indicated that the defendant had on two previous occasions lured women to his apartment under similar circumstances. In affirming the judgment of conviction the court said:

''While it is the general rule that a defendant in a criminal case cannot be tried for any other offense than that with which he is charged in the information, and that evidence of other and distinct offenses is not admissible, still there are exceptions to this general rule, one of which is that where several crimes are committed as part of one scheme or plan, all of the same general character, tending to the same common end, they may be given in evidence to show the process or motive and design leading up to the particular crime for which the prisoner is being tried, as tending to show logically that the crime in question was part of such common scheme,'' citing cases.

In *Webb* v. *State,* 27 Okl. Crim. 339 [227 Pac. 907], it was held that in a prosecution for grand larceny evidence of other thefts, explanatory of the system and manner of taking the things specifically charged was admissible.

 Section 484 of the Penal Code merged the former offenses of larceny, embezzlement and obtaining money by false pretenses into one crime of theft, and proof of any one of them is sufficient to sustain the charge of theft.

In *People* v. *Robinson,* 107 Cal. App. 211 [290 Pac. 470], a case involving false pretenses, it was held that evidence of similar transactions was admissible to show guilty knowledge or intent where the transactions contained the material ele-

ments of the main case, and that such evidence was also admissible to establish a definite prior design or system which included the doing of the act charged as part of its consummation, and for that purpose it may be shown that defendant made substantially the same representations to other persons, it being sufficient if they tend to prove a scheme of the defendant which included the acts charged.

In *People* v. *Stutsman,* 66 Cal. App. 134 [225 Pac. 477], evidence of similar transactions between the defendant and another about six months later than the one involved in the prosecution was held admissible for the purpose of showing system or design, and that it was not necessary that the two transactions be identical so long as they were similar and of comparatively recent commission.

Cases holding that other offenses are admissible to show scheme, design, plan and identity of offenses are *People* v. *Francisco,* 112 Cal. App. 442 [297 Pac. 34], and *People* v. *Barnes,* 111 Cal. App. 605 [295 Pac. 1045].

█ We have examined many authorities of other states and those cited by appellant with reference to the admissibility of other similar offenses. There is language in *People* v. *Molineux, supra,* relied on by appellant, based upon a different set of facts, which has a tendency to support his contention, but we must consider the identity of the novel scheme, plan or system employed by appellant in the instant case upon both victims to avail himself of the opportunity to take the money from them in the manner described. That such a plan or scheme is novel or unique is apparent and receives support in counsel's inability to cite a case which is factually similar. We are unable to conclude from the cases cited and the evidence that the acts of appellant, particularly in reference to the approach and the extraction of the money from the persons of the victims, were not the result of a scheme, system, plan or design employed by him for that purpose, and were not so related both as to time and character that proof of one did not tend to establish some material fact in connection with the other. From defendant's statement at the time of his arrest, when confronted with the two accusations, it became apparent that appellant was endeavoring to establish an alibi for he said that he was not in San Diego on February 10 or February 22, 1940, or since the year 1935. Under the circumstances related the ruling of the trial court

in this respect must be sustained. (See, also, *People* v. *Glass, supra.*) ■ We are firmly convinced, however, that trial courts, generally speaking, should by proper instructions, limit the consideration of such evidence to the purposes for which it is to be received. (*People* v. *Sampsell*, 104 Cal. App. 431, 440 [286 Pac. 434]; *People* v. *Le Roy*, 192 Cal. 498, 505 [221 Pac. 353].) However, no such instruction was offered by appellant in the instant case and we cannot therefore predicate error on the court's failure to give the same. (*People* v. *Collins*, 48 Cal. 277; *People* v. *Glass, supra.*)

■ In reference to appellant's second contention, the court committed error in receiving certain testimony in reference to identification of photographs and in failing to strike the testimony in reference to "pictures of negro pickpockets". (*People* v. *Thorp*, 104 Cal. App. 379 [285 Pac. 916]; *People* v. *Goltra, supra.*) However, this error, considered in the light of the positive identification of appellant in court and the circumstances related, cannot be held to be prejudicial under section 4½ of article VI of the Constitution. (*People* v. *Britton*, 6 Cal. (2d) 7 [56 Pac. (2d) 497].)

■ The third question presented by this assignment of error is whether or not a dismissal of a felony criminal action upon the completion of the term of probation, pursuant to section 1203.4 of the Penal Code deprives the district attorney in a subsequent prosecution where the prior conviction is denied, from introducing evidence for the purpose of impeachment to prove that the defendant had suffered a prior felony conviction. Section 1203.4 of the Penal Code permits a defendant who has fulfilled the condition of his probation to withdraw his plea of guilty and enter a plea of not guilty, or, if he has been convicted after a plea of not guilty, the court shall set aside the verdict of guilty and the court shall thereafter dismiss the accusation or information against said defendant, and further provides as follows: " . . . provided, that in any subsequent prosecution of such defendant for any other offense such prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed." The last quoted portion of section 1203.4 of the Penal Code hereinabove referred to was added by amendment (Stats. 1927, chap. 770, pp. 1493–1496) subsequent to the decision in the case of *People* v. *Mackey*,

*supra,* cited by appellant, wherein it was held that a witness (not a defendant) was not subject to impeachment upon the ground that he had been convicted of a felony where it was shown that the information to which he had entered a plea of guilty had been dismissed after fulfilling his term of probation, therefore releasing him from all penalties and disabilities resulting from the offense or crime of which he had been convicted. It is apparent that the amendment in 1927 of this section operates to reinstate all penalties and disabilities ''in any subsequent prosecution of such defendant for any other offense'' and is a qualification of the first portion of the section. It seems highly probable that by the amendment to this section after the decision in *People* v. *Mackey, supra,* the legislature intended to broaden the section in its application and particularly provided that in any subsequent *prosecution* of the defendant prior convictions may be pleaded and proved. The legislature has gone further and provided that under such circumstances the subsequent *prosecution* of such defendant for any other offense ''shall have the same effect as if probation had not been granted''. The argument that the former conviction is not to have a retroactive effect until after a subsequent *conviction* is obtained is dispelled by the case of *People* v. *Majado,* 22 Cal. App. (2d) 323, 325 [70 Pac. (2d) 1015], wherein it is said:

''Any benefit from the dismissal is wiped out by a subsequent conviction of a felony (*People* v. *Hainline, supra*), but we think the effect of the statute is not limited to a situation where a subsequent conviction of a felony has first been obtained. By its terms the statute applies not merely to a felony but to any subsequent prosecution for any other 'offense'. Further, it does not provide that the former conviction is not to have a restored effect until after a subsequent conviction is obtained. It is specifically provided that in any subsequent prosecution the prior conviction may be 'pleaded and proved and shall have the same effect' as if the former accusation had not been dismissed. . . . ''

We therefore conclude that where a defendant who has been previously convicted of a felony and granted probation and a dismissal obtained as in the instant case, and is subsequently *prosecuted* for another offense, in becoming a witness in his own behalf, he subjects himself to impeachment upon the ground that he has been convicted of a felony.

The evidence also discloses that appellant requested the police officer investigating the case to have the witnesses who attempted to identify him at the jail ask questions of him so they could hear his voice. This was done. A few weeks thereafter the appellant inquired of the same officer if he had shown a picture of one Willie Williams to the witnesses because he had talked to Williams and found out that he had committed the crimes related and that there was a discussion as to whether ''Williams should give some defense money in this case''. When appellant was arrested in Los Angeles he was asked by the officer what was meant by a ''spitter'', because that was the nature of the charge against him. Appellant replied that ''it was where a person walked up alongside of an elderly man and spit on him and then drew out his handkerchief and began wiping it off, and apologizing profusely, and then would take what money he had on him''. He also said they generally picked an elderly man.

For the reasons expressed and in view of the convincing evidence of appellant's guilt, the judgment and order are affirmed.

Marks, Acting P. J., concurred.