[Crim. No. 2629.   First Dist., Div. Two.   Jan. 4, 1950.]

THE PEOPLE, Respondent, v. OTTO W. ZABEL, Appellant.

Herman W. Mintz and Richard C. Johnston for Appellant.

Fred N. Howser, Attorney General, and Clarence A. Linn, Deputy Attorney General, for Respondent.

DOOLING, J.— Defendant was convicted by a jury of a violation of Penal Code section 288 alleged to have been committed upon the person of an 11-year-old girl. The complaining witness testified that while she was sleeping in defendant's home with one of his stepdaughters defendant came into the room and placed his hand upon her genitals. Defendant denied this, his testimony being that he noticed the little girl uncovered and replaced the bed coverings over her without touching her body. On cross-examination defendant stated that he might have touched her shoulder in placing the covers over her. Later, on being shown a written statement previously given to the district attorney, in which defendant had stated: "I was a little unsteady in my feet. I lost my balance. In putting my hand down to steady myself I came in contact with the . . . girl on her breast," he repeated: "I was a little unsteady on my feet and I might have touched her on the shoulder."

The tenor of defendant's testimony was that he might have touched the child's body but if he did so it was an accident and not done deliberately or with lustful intent. This opened the door to the evidence of which defendant complains on appeal. The People produced in rebuttal the two stepdaughters of defendant who testified to recurring acts of intimacy committed by defendant on their persons, and also introduced his written statement in which defendant acknowledged similar acts with his stepdaughters. The trial court admitted this evidence for the limited purpose of showing the intent

with which defendant touched the person of the complaining witness if the jury found that he did so, and the jury was explicitly instructed on the limited purpose for which this evidence should be considered.

The evidence was properly admitted under the rule that evidence of similar crimes, while ordinarily not admissible, may be admitted to prove intent where that is an issue and the criminal intent is denied by the defendant. (*People* v. *Williams*, 6 Cal.2d 500 [58 P.2d 917]; *People* v. *Westek*, 31 Cal.2d 469 [190 P.2d 9]; *People* v. *James*, 40 Cal.App.2d 740 [105 P.2d 947]; *People* v. *Clapp*, 67 Cal.App.2d 197 [153 P.2d 758]; *People* v. *Collins*, 80 Cal.App.2d 526 [182 P.2d 585].) That defendant did not deny criminal intent in so many words is not important since such denial was implicit in his claim that if he touched the child his doing so was accidental; and the only conceivable purpose of this testimony was to negative a criminal intent.

The younger stepdaughter testified that defendant stopped his intimacies with her about two years before the trial. The question whether this evidence was too remote was primarily for the trial judge and we cannot hold its admission error, particularly in view of the fact that the other stepdaughter testified to continuing intimacies up to the time of the offense of which defendant was accused.

The jury was instructed: ''Under the law, in all criminal actions it is necessary that all jurors agree to such verdict. Therefore, your verdict in this case must be unanimous.'' The jury must be accorded the usual amount of common sense and common knowledge and cannot have understood from this instruction, as defendant contends, that they were being directed that it was their duty to agree. Properly construed the instruction did no more than advise them of the rule that in a criminal case in order to bring in a verdict that verdict must be unanimous. The instruction did not contain the vice of the instruction criticized in *People* v. *Watson*, 165 Cal. 645, 654-655 [133 P. 298].

We find no merit in the claim that the jury was not instructed that they must all agree on the defendant's intent either of ''arousing, appealing to or gratifying the lusts or passions or sexual desires'' of defendant or those of the child. No such instruction was requested and the inference is indisputable that if defendant committed the act with criminal intent he did it to gratify his own desires.

No instruction on included offenses was requested and appellant is in no position to complain that none was given. (*People* v. *Dunlop*, 79 Cal.App.2d 207, 210-211 [179 P.2d 658].)

Judgment affirmed.

Nourse, P. J., and Goodell, J., concurred.