[Crim. No. 3023.   First Dist., Div. One.   Dec. 20, 1954.]

THE PEOPLE, Respondent, v. RICHARD R. FONG, Appellant.

Leo R. Friedman for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, Charles E. McClung, Deputy Attorney General, J. F. Coakley, District Attorney (Alameda), and Albert A. Hederman, Jr., Deputy District Attorney, for Respondent.

WOOD (Fred B.), J.—Fong was convicted on two counts, one for violating section 11163 of the Health and Safety Code, unlawfully prescribing a narcotic, the other for violating section 11500 of the code, unlawful sale of a narcotic.

The sole point upon this appeal is the claim that evidence of similar offenses was erroneously admitted as a part of the People's case in chief. This evidence was received for the limited purpose of such bearing, if any, as it might have on the question whether defendant entertained the intent to commit the offense charged in the first count (unlawfully prescribing a narcotic).

Defendant claims the element of his intent was not in issue.

He directs attention to the rule that in this type of case the good faith of the physician in prescribing or furnishing a narcotic (see Health & Saf. Code, § 11330) is a matter of defense; i.e., the State need not, as a part of its case in chief, prove that the defendant physician did not act in good faith. (See *People* v. *Kinsley*, 118 Cal.App. 593, 597-598 [5 P.2d 938].) Without such proof, says the defendant, the State makes out a sufficient case and, therefore, is precluded from introducing evidence of similar offenses "in the absence of the defendant testifying that he believed he was prescribing for a patient who needed such medication" (defendant did not take the witness stand); the "fact that defendant was a doctor did not change the character of the offenses charged"; the "State could not anticipate and negative, by proof of so-called similar offenses, the possibility that Dr. Fong might take the stand and claim the relationship of physician and patient existed between him and Gazzola," the person for whom he prescribed; and "where a defendant . . . testifies to facts in an attempt to prove good faith and lack of criminal intent . . . such testimony may be rebutted by the State introducing evidence of similar offenses but, in the absence of these conditions, it is error to permit the State to prove similar offenses."

There are two ready answers to this argument.

Defendant also prescribed certain nonnarcotic medicines but before prescribing anything he examined Gazzola by applying the stethoscope to his chest and saying, "It appears you have a cold." He also took a patient record card and entered Gazzola's name and address upon it. During a later visit the doctor, before prescribing, examined Gazzola's nostrils and said, "It appears like you still have your sinus." These examinations were not very thorough, it would seem, yet defendant's counsel made a good deal of them, with emphasis by repetition, while cross-examining the witness Gazzola. That evidence bore upon the intent which accompanied the act. It tended to indicate that the doctor might be acting in good faith. In this manner an issue concerning defendant's state of mind came into the case and justified the proof of similar prior offenses to negative an innocent state of mind and to prove criminal intent. That issue was potentially present all the time under defendant's plea of "not guilty." No additional plea upon defendant's part was necessary. His mere failure to take the stand and, by his own testimony, to undertake the burden of proving his good faith did not remove good faith as an issue, an issue which some of the prosecution's evidence had already brought into the case.*

The other answer to defendant's contention is furnished by his defense of entrapment. He presented instructions on entrapment. He argued to the jury that this was a case of entrapment. The trial court gave instructions on entrapment. In his opening brief he says: "Considering the manner in which Gazzola [a law enforcement officer] went to the doctor's office, the story told by him to the doctor; the insistence on the part of Gazzola that narcotics either be prescribed or furnished, etc., the jury were entitled to infer that Gazzola was prodding or instigating Dr. Fong into supplying the narcotics or the prescriptions therefor. At the very least the evidence was sufficient to cause the jury to entertain a reasonable doubt on this proposition." Thus, the defendant, without taking the witness stand, presented an issue concerning the intent with which he did the act. Was he an innocent person whom an officer of the law seduced into committing a criminal offense or did the criminal intent originate

*By this we do not hold that but for such evidence the State could not have given proof of similar prior offenses. We are not undertaking to decide that question. The circumstances of this case do not require it.

with the defendant and the officer merely aid him in carrying out that intent? (See *People* v. *Braddock,* 41 Cal.2d 794, 802 [264 P.2d 521].) The evidence of other similar offenses bore directly upon that issue. Defendant argues that the defense of entrapment admits the crime and, therefore, precludes any question of intent from becoming an issue in the case. Such an argument overlooks the fact that entrapment presents "intent" as a major question: The intent of the officer or the intent of the defendant?

"The general test of relevancy is whether the evidence tends logically, naturally, and by reasonable inference to establish any fact material for the People or to overcome any material matter sought to be proved by the defense. If it does, then the evidence is admissible whether or not it embraces the commission of another offense and whether the other crime be similar or dissimilar. (*People* v. *Peete,* 28 Cal.2d 306, 315 [169 P.2d 924].)

"Evidence of other acts of a similar nature may be admitted when not too remote, to prove a material fact, or where it tends to show motive, scheme, plan or system, or to show *guilty knowledge* and intent. (*People* v. *Henderson,* 79 Cal. App.2d 94, 119 [179 P.2d 406]; *People* v. *Hennessey,* 201 Cal. 568, 582 [258 P. 49]; *People* v. *Brown,* 72 Cal.App.2d 717, 720 [165 P.2d 707]; *People* v. *Bercovitz,* 163 Cal. 636, 639 [126 P. 479, 43 L.R.A.N.S. 667].)" (*People* v. *Torres,* 98 Cal.App.2d 189, 192 [219 P.2d 480].) Cases relied upon by defendant do not disallow this test, in fact they recognize it. Of those cases we adopt the descriptive words of our Supreme Court in *People* v. *Williams,* 6 Cal.2d 500, 502 [58 P.2d 917]: "In the cases relied upon by the defendant, such as *People* v. *King,* 23 Cal.App. 259 [137 P. 1076], evidence relating to distinct offenses was held inadmissible, not necessarily because it was evidence of offenses other than that charged in the information, but because under the facts of the particular cases evidence tending to prove such other offenses had no relevancy to prove the charge for which the defendant was then on trial." *People* v. *King, supra,* is relied upon by the defendant in the instant case. In *People* v. *Byrnes,* 27 Cal.App. 79 [148 P. 944], another of defendant's cases, the questioned evidence "was insufficient to establish a like offense" (p. 84) and the proof of the offense charged "was of a character which could leave no doubt in the minds of the jurors as to the criminal intent accompanying the act." (Pp. 84-85.) Significantly, the court expressly recog-

nized the admissibility of evidence of similar offenses "where the intent accompanying the act is equivocal, or where it otherwise becomes an issue in the trial . . ." (P. 84.)

In view of this conclusion it is unnecessary to consider additional reasons urged by the State in support of the admissibility of the questioned evidence.

The judgment and the order denying a new trial are affirmed.

Peters, P. J., and Bray, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 19, 1955. Carter, J., was of the opinion that the petition should be granted.